2007 ND APP 3

**Roland C. RIEMERS, Plaintiff and Appellant,**

v.

**STATE of North Dakota, Defendant and Appellee.**

No. 20070038CA.

Court of Appeals of North Dakota.

Aug. 15, 2007.

Review Denied Oct. 16, 2007.

arrearages; (2) the child and spousal support laws violate both the state and federal constitutions; (3) the State imposed unlawful interest rate charges on Riemers' past due child support; and (4) the unconstitutional child and spousal support laws "resulted at one time in [his] unconstitutional jailing."

[¶ 3] The State filed a motion for summary judgment under N.D.R.Civ.P. 56. The district court issued an extensive opinion addressing the issues in the case and granted the State's motion for summary judgment, dismissing all of Riemers' claims.

## II. Summary Judgment Review

[¶ 4] The Supreme Court discussed the standards for reviewing a summary judgment in *Riemers v. Anderson,* 2004 ND 109, ¶ 10, 680 N.W.2d 280 (quoting *Zuger v. State,* 2004 ND 16, ¶¶ 7–8, 673 N.W.2d 615) (citations omitted):

Summary judgment is a procedural device for promptly disposing of a lawsuit without a trial if there are no genuine issues of material fact or inferences which can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. Whether summary judgment was properly granted is a question of law which we review de novo on the entire record. On appeal, this Court decides if the information available to the trial court precluded the existence of a genuine issue of material fact and entitled the moving party to summary judgment as a matter of law. Summary judgment is appropriate against parties who fail to establish the existence of a factual dispute on an essential element of a claim on which they will bear the burden of proof at trial.

A party resisting a motion for summary judgment may not simply rely

Roland C. Riemers, Emerado, N.D., pro se.

Douglas A. Bahr, Solicitor General, Office of Attorney General, Bismarck, N.D., for defendant and appellee.

PER CURIAM.

[¶ 1] Roland Riemers appealed from a summary judgment dismissing his claims against the State Child Support Enforcement Office ("State"). We conclude Riemers has failed to raise a genuine issue of material fact requiring a trial on any of his claims, and we affirm the summary judgment dismissing Riemers' lawsuit.

## I. Complaint Allegations

[¶ 2] Riemers sued the State, alleging numerous violations of his state and federal constitutional and legal rights. In his amended complaint, Riemers essentially raised the following four claims: (1) the State filed a false report of child support

upon the pleadings or upon unsupported, conclusory allegations. Factual assertions in a brief do not raise an issue of material fact satisfying Rule 56(e). Nor may a party merely reassert the allegations in his pleadings in order to defeat a summary judgment motion.

### III.   Inaccurate Reports

■ [¶ 5]   Riemers asserts the State falsely reported his child support arrearages and in so doing "substantially harmed Riemers' financial and moral reputation." Riemers seeks $500,000 in damages for the State's defamation.

■ [¶ 6]   Under N.D.C.C. § 14–02–03 libel "is a false and unprivileged publication by writing ... which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes the person to be shunned or avoided, or which has a tendency to injure the person in the person's occupation." Every person has the right of protection from defamation. *Jose v. Norwest Bank*, 1999 ND 175, ¶ 23, 599 N.W.2d 293. There is no liability, however, for defamatory statements that are privileged. *Id.* at ¶ 25, 599 N.W.2d 293. Under N.D.C.C. § 14–02–05(1), a privileged communication is one made "in the proper discharge of an official duty." The privilege under this subsection is an absolute privilege for defamatory statements, even if made with malice. *Rykowsky v. Dickinson Pub. Sch. Dist. No. 1*, 508 N.W.2d 348, 351 (N.D.1993).

[¶ 7]   Riemers concedes the child support reports are privileged communications under N.D.C.C. § 14–02–05(1). In his appellate brief, Riemers states, "[a]s correctly noted by the Court, 'both parties agree that the CSEO [Child Support Enforcement Office] had a duty to report to consumer reporting agencies, and these reports were privileged.'" We conclude Riemers does not have a defamation claim against the State for this privileged communication.

### IV.   Unconstitutionality of Support Laws

■ [¶ 8]   Riemers asserts the child and spousal support laws of this state are unconstitutional. He requests injunctive relief declaring the laws unconstitutional and an order requiring the State to repay all of the child and spousal support Riemers has paid since 2000. A party must do more than submit bare assertions to adequately raise constitutional issues. *Riemers v. O'Halloran*, 2004 ND 79, ¶ 6, 678 N.W.2d 547. A party asserting a constitutional claim must bring up the heavy artillery or forego the claim. *Id.* Riemers has cited neither fact nor law to support his assertion the child support laws are unconstitutional and have resulted in a denial of his legal rights. We conclude his request for injunctive relief is without merit and fails to raise a genuine issue of fact requiring a trial on the merits.

### V.   Unlawful Interest Charges

[¶ 9]   Riemers asserts the State charged an unlawful rate of interest on his child support arrearages. The district court concluded, as a matter of law, the interest charges were authorized under N.D.C.C. § 28–20–34. Riemers has conceded this issue, and it is not, therefore, a ground upon which he seeks to reverse the summary judgment dismissing his lawsuit.

### VI.   False Imprisonment

■ [¶ 10]   Riemers asserts the unconstitutional child and spousal support laws resulted once in his unconstitutional incarceration. He seeks damages of $200,000.

[¶ 11]   The trial court concluded Riemers was collaterally estopped from raising this issue because it "by logical and necessary implication must have been[ ] litigated and determined" in the prior case of *Riemers v. Anderson*, 2004 ND 109, ¶ 3,

680 N.W.2d 280. On appeal, Riemers asserts the case referred to by the district court dealt with an arrest for assault in 2000, but Riemers' alleged false imprisonment in this case involves a subsequent two-week incarceration in the Traill County jail in 2001 for failure to pay child and spousal support.

[¶ 12] Collateral estoppel, or issue preclusion, generally forecloses the relitigation, in a second action based on a different claim, of particular issues of either fact or law which were, or by logical and necessary implication must have been, litigated and determined in the prior suit. *Riemers v. Anderson,* 2004 ND 109, ¶ 12, 680 N.W.2d 280.

[¶ 13] Assuming the alleged false imprisonment Riemers complains about in this litigation is different from and subsequent to the alleged false imprisonment discussed in prior litigation, then Riemers is not collaterally estopped from litigating the issue in this case. However, Riemers provides no factual details or discussion how and in what manner he was falsely imprisoned. In an affidavit executed by Riemers on July 10, 2006 he simply asserts:

> During the year 2001, at the insistence of my ex-wife's attorney, I was also placed in the Traill County jail for a period of 6 months for arrears in child and spousal support. Only after about two and a half weeks was I able to get released under a writ of habeas Corpus.

Riemers provides no further explanation of how this alleged arrest and incarceration entitles him to the relief he seeks in this case.

[¶ 14] In *Zuger v. State,* 2004 ND 16, ¶ 8, 673 N.W.2d 615 (quoting *Igle-* *hart v. Iglehart,* 2003 ND 154, ¶ 10, 670 N.W.2d 343) the Supreme Court stated:

> "The resisting party must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact and must, if appropriate, draw the court's attention to relevant evidence in the record by setting out the page and line in depositions or other comparable documents containing testimony or evidence raising an issue of material fact.
>
> In summary judgment proceedings, neither the trial court nor the appellate court has any obligation, duty, or responsibility to search the record for evidence opposing the motion for summary judgment. The opposing party must also explain the connection between the factual assertions and the legal theories in the case, and cannot leave to the court the chore of divining what facts are relevant or why facts are relevant, let alone material, to the claim for relief."

[¶ 15] Riemers merely raises a bare allegation that the unconstitutionality of the child and spousal support laws resulted once in his "unconstitutional jailing." To preclude summary judgment on this issue, Riemers was required to explain the connection between his factual assertion that he was falsely imprisoned and his legal theory that the unconstitutional child and spousal support laws were the cause. He has entirely failed to connect his factual assertions with the law. We conclude Riemers has failed to raise a genuine issue of fact on the false imprisonment issue to warrant a trial on the merits.

## VII. Conclusion

[¶ 16] We have reviewed and considered all other issues raised by Riemers on appeal and deem them to be devoid of

substance and without merit. We hold Riemers has failed to raise a genuine issue of material fact on any of the claims brought by him against the State and we, therefore, affirm the summary judgment dismissing Riemers' lawsuit.

[¶ 17] BENNY A. GRAFF, S.J., Chief Judge, WILLIAM F. HODNY, S.J., and RONALD E. GOODMAN, S.J., concur.