Filed 6/26/08 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2008 ND 130

In the Matter of E.W.F.

Cass County State’s Attorney, Petitioner and Appellee

v.

E.W.F., Respondent and Appellant

No. 20080037

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven E. McCullough, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Ryan J. Younggren (argued), Assistant State’s Attorney, Courthouse, P.O. Box 2806, Fargo, ND 58108-2806, for petitioner and appellee.

Richard E. Edinger (argued), P.O. Box 1295, Fargo, ND 58107-1295, for respondent and appellant.

Matter of E.W.F.

No. 20080037

Kapsner, Justice.

[¶1] E.W.F. appeals an order denying his petition for discharge from commitment as a sexually dangerous individual.  We affirm.

I

[¶2] In 1994, E.W.F., then twenty-one years old, molested his five-year-old niece. He pled guilty to gross sexual imposition on September 14, 1995 and was sentenced to prison.  On September 1, 1998, he was committed to the North Dakota State Hospital (“State Hospital”) as a sexually dangerous individual.

[¶3] From 1999 to 2006, E.W.F. waived his statutory right to annually petition for discharge from the State Hospital.  On September 20, 2007, E.W.F. petitioned for discharge, and a hearing was conducted on January 3, 2008.  Dr. Lynne Sullivan, a State Hospital staff psychologist, testified as an expert witness for the State.  Based on Dr. Sullivan’s review of E.W.F.’s prior evaluations conducted in 1995, 1998, and 2006, along with current reports of E.W.F.’s behavior at the State Hospital, Dr. Sullivan testified E.W.F. still suffers from two sexual disorders, paraphelia not otherwise specified, and pedophilia.  Dr. Sullivan prepared a Sexually Dangerous Individual Annual Re-evaluation Report (“Annual Report”) in September 2007, which also contained the annual interview she conducted with E.W.F. in 2007.  The State filed the Annual Report with the clerk of district court prior to the January 2008, hearing for discharge under N.D.C.C. § 25-03.3-17(2).  The Annual Report, filed with the district court on September 27, 2007, was not served upon E.W.F. or his counsel.  The Annual Report was not offered by the State at the hearing.

[¶4] The Annual Report indicated E.W.F. had not completed sex offender treatment.  The Annual Report stated E.W.F. had not made notable progress in the sex offender treatment program and had, in fact, regressed in his treatment, having moved up to stage three in the five-stage treatment program at one point, but regressed back to stage one at the time of the Annual Report.  The Annual Report also noted E.W.F. had conducted himself inappropriately with female staff at the State Hospital, allegedly stalking one female employee.  Dr. Sullivan’s Annual Report further provides that, while E.W.F. no longer shows strong inclinations toward nonconsenting sexual fantasies that he had in the first years of the sex offender treatment program, E.W.F. still has propensities toward stalking and admits to deviant sexual fantasies.  E.W.F. discussed his desire to indecently expose himself at the State Hospital, but wished such behavior would not get him in trouble.  Dr. Sullivan testified about the contents of the Annual Report at the January 2008, hearing on the discharge petition.  Dr. Sullivan further testified E.W.F.’s behavior, coupled with his sexual disorders and failure to progress in the sex offender treatment program, made E.W.F. likely to engage in further acts of sexually predatory conduct.

[¶5] E.W.F. testified at the hearing, stating he had spent nine years in the sex offender treatment program, he did not feel additional treatment was necessary, and that if released, he would not re-offend.  He did, however, admit to stalking a female State Hospital staff member within the previous year.  E.W.F. underwent an independent evaluation prior to the hearing, but did not offer the written evaluation or the testimony of the evaluating psychologist at the hearing.

[¶6] After considering the testimony of Dr. Sullivan and E.W.F., the district court found E.W.F. continues to be a sexually dangerous individual and denied E.W.F.’s petition for discharge on January 9, 2008.

[¶7] E.W.F. appeals the district court order denying his petition for discharge, arguing the State failed to prove by clear and convincing evidence that E.W.F. is likely to engage in further acts of sexually predatory conduct.  E.W.F. further argues his substantive due process rights were violated, alleging his commitment serves as an unconstitutional mechanism for punishing his underlying criminal conviction.

II

[¶8] “Civil commitments of sexually dangerous individuals are reviewed under a modified clearly erroneous standard and will be affirmed unless the district court’s order is induced by an erroneous view of the law, or we are firmly convinced the order is not supported by clear and convincing evidence.”  
Matter of Hehn
, 2008 ND 36, ¶ 17, 745 N.W.2d 631 (quoting 
Matter of Midgett
, 2007 ND 198, ¶ 6, 742 N.W.2d 803) (internal quotations omitted).

[¶9] Chapter 25-03.3, N.D.C.C., which governs the commitment of sexually dangerous individuals, requires the State to prove, by clear and convincing evidence, three elements before an individual may be committed:

[1] engaged in sexually predatory conduct and [2] who has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction that [3] makes that individual likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others.

N.D.C.C. § 25-03.3-01(8).

[¶10] The phrase “‘likely to engage in further acts of sexually predatory conduct’ means the individual’s propensity towards sexual violence is of such a degree as to pose a threat to others.”  
Matter of Hehn
, at ¶ 19 (citing 
Interest of M.B.K.
, 2002 ND 25, ¶ 18, 639 N.W.2d 473; 
Matter of G.R.H.
, 2006 ND 56, ¶ 16, 711 N.W.2d 587).  In addition to the three requirements contained in the plain language of the statute, the United States Supreme Court has held that substantive due process rights require the individual facing commitment must be shown to have serious difficulty controlling his behavior.  
Matter of Hehn
, at ¶ 19 (citing 
Kansas v. Crane
, 534 U.S. 407, 413 (2002)).  This additional consideration is necessary to distinguish a sexually dangerous individual from the “‘dangerous but typical recidivist convicted in an ordinary criminal case.’”  
Id.
 (quoting 
Crane
, at 413).

[¶11] E.W.F. does not contend the State failed to meet its burden on the first two prongs of the statute.  He engaged in a prior act of sexually predatory conduct when he committed gross sexual imposition in 1994, satisfying the first prong of N.D.C.C. § 25-03.3-01(8).  He does not dispute Dr. Sullivan’s finding that he has two sexual disorders, paraphelia not otherwise specified, and pedophilia, which meet the criteria under the second prong of N.D.C.C. § 25-03.3-01(8).  E.W.F. instead argues the State failed to prove, by clear and convincing evidence, that he is likely to engage in further acts of sexually predatory conduct.

[¶12] E.W.F.’s argument is premised on the fact that the State did not offer, during the course of the hearing on the petition for discharge, Dr. Sullivan’s written report.  Thus, E.W.F. argues, the State could not have met its burden.  E.W.F. is incorrect in his assertion.

[¶13] Under N.D.C.C. §§ 25-03.3-17 and 25-03.3-18, which govern post-commitment proceedings, discharge, and petitions for discharge, the State is not required to present the written report or evaluation during the hearing itself.  Rather, N.D.C.C. § 25-03.3-17(2) requires that the State annually conduct “an examination of that individual’s mental condition” and that the “report regarding 
the examination must be provided to the court
 that committed the individual.”  (Emphasis added).  The State is not required to submit the report to the defendant, nor is the State required to offer the report during the hearing.  The State complied with the statutory requirements under N.D.C.C. § 25-03.3-17(2) when State Hospital staff psychologist Dr. Sullivan completed E.W.F.’s annual evaluation in September 2007 and submitted the report to the committing court on September 27, 2007.  Thus, even though the State did not offer and admit the Annual Report during the hearing, the Annual Report is part of the record and readily available for the district court’s review, because it was filed with the district court under the clear direction of the statute.

[¶14] Similarly, N.D.C.C. § 25-03.3-18, which speaks specifically to petitions for discharge and the procedures that must follow, has no requirement for offering a written report at a petition for discharge hearing.  Section 25-03.3-18(1), N.D.C.C., provides the committed individual must annually be afforded “written notice that the individual has a right to petition the court for discharge[,]” the written notice must “explain to the committed person when the committed person has a right to a hearing on the petition[,]” and the written “notice must inform the committed person of the rights this chapter affords the committed person at a discharge hearing.”  Section 25-03.3-18(3), N.D.C.C., further provides the State “may have the committed individual evaluated by experts chosen by the state[,]” and the “committed individual is entitled to have an expert of the committed individual’s choice conduct an evaluation.”  Section 25-03.3-18(4), N.D.C.C., requires the State to show, by clear and convincing evidence, that the committed individual remains a sexually dangerous individual, but does not require the State to submit a written evaluation as part of this burden.

[¶15] Dr. Sullivan’s detailed testimony provided the State with the evidence required to meet its burden of proof.  E.W.F.’s prior gross sexual imposition conviction, along with Dr. Sullivan’s testimony that E.W.F. suffers from two sexual disorders, E.W.F. has not completed sex offender treatment, and E.W.F. still engages inappropriate sexual behavior while in treatment, making E.W.F. likely to engage in further acts of sexually predatory conduct, supports the district court’s conclusion that E.W.F. continues to be a sexually dangerous individual.  To the extent the Annual Report was considered by the district court, Dr. Sullivan’s presence to testify made it possible to cross-examine her regarding the assertions made in the report on file with the district court.

[¶16] E.W.F. did exercise his right to an independent psychological evaluation.  E.W.F. did not, however, call the independent psychologist to testify at the discharge hearing.  The district court noted E.W.F.’s failure to call the evaluating psychologist, stating in its opinion and order denying E.W.F.’s petition for discharge that it found clear and convincing evidence partly because:

[The State] presented evidence of [E.W.F.]’s individual assessments and [E.W.F.]’s individual behaviors.  The State’s evidence was unrebutted (and really unchallenged in the main as [E.W.F.] chose not to offer any expert opinion from his expert, Dr. Gilbertson). [E.W.F.]’s argument is without merit.  The State has met its burden as to the third prong of the [sexually dangerous individual] definition.

It was not improper for the district court to draw a negative inference from E.W.F.’s failure to call his independent expert psychologist and to use the negative inference in determining whether there was clear and convincing evidence of E.W.F.’s likelihood of engaging in further acts of sexually predatory conduct.  
See
 
First Nat’l Bank of Belfield v. Burich
, 367 N.W.2d 148, 152 (N.D.1985) (citation omitted) (explaining that in a civil proceeding, a “[party]’s failure to offer evidence refuting or otherwise explaining [the opposing party’s witness]’s testimony warrants the inference that [the opposing party’s witness]’s statements were true and correct”).  
See also
 
Tice v. Mandel
, 76 N.W.2d 124, 138 (N.D. 1956) (citations omitted) (“In civil actions counsel may properly comment on the failure of a litigant present at the trial to testify to an issue of fact as well as the failure of a party present at the trial to contradict material testimony introduced.  The right to comment is not affected by the fact that the party refuses to answer pertinent questions on the ground that the answer might intend to incriminate him.”).

III

[¶17] E.W.F. next argues his civil commitment violates his substantive due process rights under the Fifth Amendment and these rights as announced in 
Kansas v. Crane
, 534 U.S. 407 (2002).  Technically, E.W.F.’s substantive due process rights arise under the Fourteenth, not the Fifth, Amendment, contrary to his argument that his “civil commitment proceeding clearly violates his Fifth Amendment substantive due process rights. . . .”  
E.g.
, 
Albright v. Oliver
, 510 U.S. 266, 272 (1994) (providing “the Due Process Clause of the Fourteenth Amendment confers both substantive and procedural rights” in the context of enforcing these rights against a state, rather than federal, government); 
U.S. v. Salerno
, 481 U.S. 739, 746 (1987) (explaining that procedural and substantive due process rights, as enforced against the federal government, arise under the Fifth Amendment).

[¶18] E.W.F. argues that his “psychiatric diagnosis, and the severity of the mental abnormality itself, must be sufficient to distinguish the dangerous sexual offender whose serious mental illness, abnormality, or disorder subjects him to civil commitment from the dangerous but typical recidivist convicted in an ordinary criminal case” in order to prevent substantive due process violations.  
Crane
, 534 U.S. at 413 (citations omitted).  
See also
 
Matter of Hehn
, 2008 ND 36, ¶ 19, 745 N.W.2d 631.  E.W.F. also argues his commitment violates the United States Supreme Court holding in 
Kansas v. Hendricks
, 521 U.S. 346, 363-64 (1997), that a civil commitment must last no more than a “potentially indefinite” period of time.

[¶19] E.W.F.’s substantive due process arguments are without merit and are not ripe for our review.  E.W.F. proffers no factual argument that his psychiatric diagnosis, and the severity of the mental abnormality itself, is not sufficient to distinguish him from the dangerous, but typical, recidivist convicted in an ordinary criminal case, as required in 
Crane
.  534 U.S. at 413.  E.W.F. does not dispute that he suffers from paraphelia and pedophilia, nor does he offer a factual basis to support his contention that these disorders do not make it difficult for him to control his behavior.

[¶20] E.W.F. further claims his confinement exceeds a period of time that is “potentially indefinite.”  E.W.F. alleges that because he has been committed for nine years without improvement, the State has committed approximately 60 sex offenders in the last 10 years and none have been released for successful completion in a treatment program, and “[i]t is not possible to complete a [sex offender] treatment program when the state hospital continuously changes it” that his commitment cannot be called “potentially indefinite” and thus satisfy the constitutional constraints 
Hendricks
 placed on civil commitment. 521 U.S. at 363-64.

[¶21] The fact that E.W.F. has been there for a period of nine years, without more, does not prove that he will remain there indefinitely.  With regard to E.W.F.’s assertion that the commitment is indefinite because the plan continuously changed, making it impossible to complete the program and demonstrate the disorder and threat have been cured, E.W.F. does not provide evidence about how the program has changed or what has been made impossible to accomplish.  He merely makes a bare assertion that completing the treatment is impossible due to change, but does not substantiate this allegation with specific and discrete facts.  “A party must do more than submit bare assertions to adequately raise constitutional issues.”  
Riemers v. State
, 2007 ND App 3, ¶ 8, 738 N.W.2d 906 (citing 
Riemers v. O’Halloran
, 2004 ND 79, ¶ 6, 678 N.W.2d 547).  E.W.F.’s constitutional claims are not supported with substantial fact or law and are therefore not ripe for review.

IV

[¶22] We affirm the district court’s order denying E.W.F.’s petition for discharge.

[¶23] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Gerald W. VandeWalle, C.J.

I concur in the result.

  Dale V. Sandstrom