2008 ND 185

**In the Matter of R.A.S.**

**Cass County State's Attorney, Appellee**

v.

**R.A.S., Appellant.**

No. 20080043.

Supreme Court of North Dakota.

Oct. 22, 2008.

Birch Peterson Burdick, State's Attorney, Fargo, N.D., for appellee.

Richard Edward Edinger, Fargo, N.D., for appellant.

MARING, Justice.

[¶ 1] R.A.S. appeals from a district court order denying his petition for discharge from commitment as a sexually dangerous individual. He argues the State did not prove by clear and convincing evidence that he is likely to engage in further acts of sexually predatory conduct and his substantive due process rights were violated. We conclude the district court did not make sufficient findings of fact, and we reverse and remand for further findings.

I

[¶ 2] In 2004, R.A.S. was committed to the care, custody, and control of the executive director of the Department of Human Services as a sexually dangerous individual under N.D.C.C. ch. 25–03.3.

[¶ 3] In October 2007, R.A.S. petitioned for discharge under N.D.C.C. § 25–03.3–18. At a January 2008 discharge hearing, the State and R.A.S. both presented expert testimony. The State's expert witness, Dr. Lynne Sullivan, testified R.A.S. remains a sexually dangerous individual and recommended he remain committed. R.A.S.'s expert witness, Dr. James H. Gilbertson, testified R.A.S. was not likely to engage in further acts of sexually predatory conduct. The district court denied R.A.S.'s petition for discharge, finding "[t]he State has shown by clear and convincing evidence that [R.A.S.] remains a sexually dangerous individual as defined in N.D.C.C. § 25–03.3–01."

II

[¶ 4] R.A.S. argues the State did not prove by clear and convincing evidence that he remains a sexually dangerous individual, because Dr. Gilbertson testified R.A.S. was not likely to engage in further acts of sexually predatory conduct.

[¶ 5] This Court reviews civil commitments of sexually dangerous individuals under a modified clearly erroneous standard, and we will affirm the district court's

decision unless the court's order is induced by an erroneous view of the law, or we are firmly convinced the order is not supported by clear and convincing evidence. *In the Matter of E.W.F.*, 2008 ND 130, ¶ 8, 751 N.W.2d 686.

█ [¶ 6] At a discharge hearing, the burden is on the State to prove by clear and convincing evidence that the committed individual remains a sexually dangerous individual. N.D.C.C. § 25–03.3–18(4). To meet this burden, the State must show the committed individual has:

> █ engaged in sexually predatory conduct and ... [2] has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction that [3] makes that individual likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others.

N.D.C.C. § 25–03.3–01(8). In addition to the three requirements of the statute, there must also be proof the committed individual has serious difficulty controlling his behavior to satisfy substantive due process requirements. *E.W.F.*, 2008 ND 130, ¶ 10, 751 N.W.2d 686 (citing *Kansas v. Crane*, 534 U.S. 407, 413, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002)).

[¶ 7] Here, the district court found, "[t]he State has shown by clear and convincing evidence that [R.A.S.] remains a sexually dangerous individual as defined in N.D.C.C. § 25–03.3–01." The court did not make any further findings supporting its decision in its order denying discharge or orally during the discharge hearing.

█ [¶ 8] In civil actions tried without a jury or with an advisory jury, N.D.R.Civ.P. 52(a) requires the court to:

> find the facts specially and state separately its conclusions of law thereon and

direct the entry of the appropriate judgment. ... It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the court.

"Conclusory, general findings do not comply with N.D.R.Civ.P. 52(a), and a finding of fact that merely states a party has failed in [or has sustained] its burden of proof is inadequate under the rule." *Rothberg v. Rothberg*, 2006 ND 65, ¶ 14, 711 N.W.2d 219. The court must specifically state the facts upon which its ultimate conclusion is based on. *Id.* The purpose of the rule is to "provide the appellate court with an understanding of the factual issues and the basis of the district court's decision." *Clark v. Clark*, 2005 ND 176, ¶ 8, 704 N.W.2d 847. Because this Court defers to a district court's choice between two permissible views of the evidence and the district court decides issues of credibility, *see Stanhope v. Phillips–Stanhope*, 2008 ND 61, ¶ 10, 747 N.W.2d 79, detailed findings are particularly important when there is conflicting or disputed evidence. This Court cannot review a district court's decision when the court does not provide any indication of the evidentiary and theoretical basis for its decision because we are left to speculate what evidence was considered and whether the law was properly applied. *See Clark*, at ¶¶ 9 and 13. The court errs as a matter of law when it does not make the required findings. *L.C.V. v. D.E.G.*, 2005 ND 180, ¶ 11, 705 N.W.2d 257.

█ [¶ 9] In order to review the district court's decision and determine whether its findings are clearly erroneous, we must understand the basis for the court's decision, and in this case we cannot. Rather, the district court's finding is general and conclusory, and merely states that

the State sustained its burden of proof. *Cf. Federal Land Bank of St. Paul v. Lillehaugen,* 404 N.W.2d 452, 459 (N.D. 1987) (general, conclusory finding on confiscatory-price defense not sufficient). Detailed findings, including credibility determinations and references to evidence the court relied on in making its decision, inform the committed individual and this Court of the evidentiary basis for the court's decision. *See In the Interest of J.S.,* 2001 ND 10, ¶ 9, 621 N.W.2d 582. Here, the court's findings do not provide us with an understanding of the factual basis for the court's ultimate finding that R.A.S. remains a sexually dangerous individual. The court was required to make detailed findings of fact to support its ultimate finding that R.A.S. remains a sexually dangerous individual; including detailed findings about whether R.A.S. has engaged in sexually predatory conduct, whether he has a sexual, personality, or mental disorder that makes him likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others, and whether he has serious difficulty controlling his behavior. N.D.C.C. § 25–03.3–01(8); *E.W.F.,* 2008 ND 130, ¶ 10, 751 N.W.2d 686. We conclude the district court did not comply with N.D.R.Civ.P. 52(a) and therefore its findings are inadequate to permit appellate review.

[¶ 10] We reverse the district court's order and remand for detailed findings of fact and conclusions of law to support the court's decision to deny R.A.S.'s petition for discharge.

### III

[¶ 11] R.A.S. also argues his substantive due process rights have been violated because his commitment has been used to circumvent the criminal justice system, the North Dakota State Hospital has a zero percent treatment rate, and North Dakota has the lowest commitment standards in the country.

[¶ 12] R.A.S. did not raise this issue before the district court. When a party fails to raise an issue before the district court, even a constitutional issue, we generally will not address the issue on appeal. *Peters–Riemers v. Riemers,* 2001 ND 62, ¶ 23, 624 N.W.2d 83. Moreover, " '[a] party must do more than submit bare assertions to adequately raise constitutional issues.' " *E.W.F.,* 2008 ND 130, ¶ 21, 751 N.W.2d 686 (quoting *Riemers v. State,* 2007 ND APP 3, ¶ 8, 738 N.W.2d 906). Although R.A.S. claims his commitment is a mechanism for retribution, he has been committed for an indefinite period, and North Dakota has the lowest commitment standards in the country, he has not provided any evidence to support his claims. Therefore, we will not address R.A.S.'s due process arguments.

[¶ 13] We note, however, that this Court has addressed similar arguments in another case. *In the Matter of G.R.H.,* 2006 ND 56, ¶¶ 11–12, 711 N.W.2d 587, G.R.H. argued his commitment violated due process, and this Court considered *Kansas v. Crane,* 534 U.S. 407, 412, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002). The United States Supreme Court held in *Kansas v. Crane,* 534 U.S. at 412–13, 122 S.Ct. 867, that due process requires in cases for commitment of a dangerous sexual offender that the court find whether the individual has serious difficulty controlling his behavior. It is that finding that makes the dangerous sexual offender different from the typical recidivist convicted in a criminal case and prevents civil commitment from becoming a mechanism for retribution or deterrence. *Id.* at 413, 122 S.Ct. 867. We held the definition of a sexually dangerous individual in N.D.C.C. § 25–03.3–01(8) requires proof that the individu-

al's disorder involves serious difficulty in controlling his behavior, which satisfies the due process requirement and ensures civil commitment does not become a mechanism for retribution. *G.R.H.*, at ¶¶ 12 and 18. We also held that a person alleged to be a sexually dangerous individual is entitled to a panoply of pre-commitment and post-commitment procedures that are sufficient to provide the individual with safeguards to protect the person's liberty interest and satisfy due process. *Id.* at ¶¶ 25 and 27.

## IV

[¶ 14] We conclude the district court did not make sufficient findings of fact, and we reverse and remand.