Filed 11/19/08 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2008 ND 198

In the Matter of LeRoy John Hanson

Kelly A. Dillon, Assistant 

State’s Attorney for Ward 

County, North Dakota, Petitioner and Appellee

v.

Leroy John Hanson, Respondent and Appellant

No. 20080098

Appeal from the District Court of Ward County, Northwest Judicial District, the Honorable William W. McLees, Judge.

REVERSED AND REMANDED.

Per Curiam.

Kelly A. Dillon, Assistant State’s Attorney, P.O Box 5005, Minot, N.D. 58702-5005, for petitioner and appellee; on brief.

Ryan D. Sandberg, P.O. Box 1000, Minot, N.D. 58702-1000, for respondent and appellant; on brief.

Matter of Hanson

No. 20080098

Per Curiam.

[¶1] LeRoy John Hanson appeals the district court’s order finding him a sexually dangerous individual and committing him to the care, custody, and control of the Executive Director of the Department of Human Services.  Hanson  argues the district court erred in concluding there was clear and convincing evidence that Hanson has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction.  Hanson also argues the district court erred in concluding there was clear and convincing evidence that he is likely to engage in further acts of sexually predatory conduct.

[¶2] In 
Matter of R.A.S.
, 2008 ND 185,   9, we held the district court must make detailed findings that (1) the individual has engaged in sexually predatory conduct; (2) the individual has a congenital or acquired condition that is manifested by a sexual disorder, personality disorder, or other mental disorder or dysfunction; (3) the condition makes the individual likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others; and (4) there is proof the individual has serious difficulty controlling his behavior.  The district court did not make specific findings on the statutory elements and the due process consideration required by 
Kansas v. Crane
, 534 U.S. 407, 413 (2002).  These detailed findings are necessary to enable us to fulfill our appellate function.  
See
 
Matter of Vantreece
, 2008 ND 197.  Thus, under N.D.R.App.P. 35.1(b) and 
Matter of R.A.S.
, 2008 ND 185, we reverse and remand for detailed findings of fact and conclusions of law to support the court’s decision.

[¶3] Gerald W. VandeWalle, C.J.

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner