2008 ND 197
In the Matter of Alexander Vantreece.
Cass County State's Attorney, Petitioner and Appellee
v.
Alexander Vantreece, Respondent and Appellant
No. 20080004.
Supreme Court of North Dakota.
Filed November 19, 2008.
Tanya Johnson Martinez, Assistant State's Attorney, P.O. Box 2806, Fargo, ND 58108-2806, for petitioner and appellee.
Jeff A. Bredahl, Bredahl and Associates, P.C., 3431 4th Avenue South, Suite 200, Fargo, ND 58103, for respondent and appellant.
Per Curiam.
PER CURIAM.
[¶1] Alexander Vantreece appeals the district court's order finding him a sexually dangerous individual and committing him to the care, custody and control of the Executive Director of the Department of Human Services. Commitment of a sexually dangerous individual can be made if the State meets its burden of establishing the respondent has:
"'[1] engaged in sexually predatory conduct and . . . [2] has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction that [3] makes that individual likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others.'
"N.D.C.C. § 25-03.3-01(8). In addition to the three requirements of the statute, there must also be proof the committed individual has serious difficulty controlling his behavior to satisfy substantive due process requirements. [ In the Matter of] E.W.F., 2008 ND 130, ¶ 10, 751 N.W.2d 686 (citing Kansas v. Crane, 534 U.S. 407, 413 (2002))."
Matter of R.A.S., 2008 ND 185, ¶ 6, 756 N.W.2d 771.
[¶2] In R.A.S., we reversed and remanded the case for further proceedings because the district court did not make findings sufficient to enable us to fulfil our appellate function. We stated:
"In civil actions tried without a jury or with an advisory jury, N.D.R.Civ.P. 52(a) requires the court to:
"'find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment . . . . It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the court.'
"'Conclusory, general findings do not comply with N.D.R.Civ.P. 52(a), and a finding of fact that merely states a party has failed in [or has sustained] its burden of proof is inadequate under the rule.' Rothberg v. Rothberg, 2006 ND 65, ¶ 14, 711 N.W.2d 219. The court must specifically state the facts upon which its ultimate conclusion is based on. Id. The purpose of the rule is to `provide the appellate court with an understanding of the factual issues and the basis of the district court's decision.' Clark v. Clark, 2005 ND 176, ¶ 8, 704 N.W.2d 847. Because this Court defers to a district court's choice between two permissible views of the evidence and the district court decides issues of credibility, see Stanhope v. Phillips-Stanhope, 2008 ND 61, ¶ 10, 747 N.W.2d 79, detailed findings are particularly important when there is conflicting or disputed evidence. This Court cannot review a district court's decision when the court does not provide any indication of the evidentiary and theoretical basis for its decision because we are left to speculate what evidence was considered and whether the law was properly applied. See Clark, at ¶¶ 9 and 13. The court errs as a matter of law when it does not make the required findings. L.C.V. v. D.E.G., 2005 ND 180, ¶ 11, 705 N.W.2d 257.
"In order to review the district court's decision and determine whether its findings are clearly erroneous, we must understand the basis for the court's decision, and in this case we cannot. Rather, the district court's finding is general and conclusory, and merely states that the State sustained its burden of proof. Cf. Federal Land Bank of St. Paul v. Lillehaugen, 404 N.W.2d 452, 459 (N.D. 1987) (general, conclusory finding on confiscatory-price defense not sufficient). Detailed findings, including credibility determinations and references to evidence the court relied on in making its decision, inform the committed individual and this Court of the evidentiary basis for the court's decision. See In the Interest of J.S., 2001 ND 10, ¶ 9, 621 N.W.2d 582. Here, the court's findings do not provide us with an understanding of the factual basis for the court's ultimate finding that R.A.S. remains a sexually dangerous individual. The court was required to make detailed findings of fact to support its ultimate finding that R.A.S. remains a sexually dangerous individual; including detailed findings about whether R.A.S. has engaged in sexually predatory conduct, whether he has a sexual, personality, or mental disorder that makes him likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others, and whether he has serious difficulty controlling his behavior. N.D.C.C. § 25-03.3-01(8); E.W.F., 2008 ND 130, ¶ 10, 751 N.W.2d 686. We conclude the district court did not comply with N.D.R.Civ.P. 52(a) and therefore its findings are inadequate to permit appellate review.
"We reverse the district court's order and remand for detailed findings of fact and conclusions of law to support the court's decision to deny R.A.S.'s petition for discharge."
R.A.S., 2008 ND 185, ¶¶ 8-10, 756 N.W.2d 771.
[¶3] Here, like in R.A.S., the district court made conclusory and general findings of fact on the statutory elements. The district court did not address the due process consideration required by Kansas v. Crane, 534 U.S. 407, 413 (2002). We therefore reverse under N.D.R.App.P. 35.1(b) and remand for proceedings and findings of fact consistent with our decision in Matter of R.A.S., 2008 ND 185, ¶¶ 8-10, 756 N.W.2d 771.
[¶4] Gerald W. VandeWalle, C.J.
Daniel J. Crothers
Mary Muehlen Maring
Carol Ronning Kapsner
Dale V. Sandstrom