2009 ND 106

**In the Matter of Christopher James MIDGETT.**

**State of North Dakota, Petitioner and Appellee**

v.

**Christopher James Midgett, Respondent and Appellant.**

**No. 20080255.**

Supreme Court of North Dakota.

June 17, 2009.

See also 742 N.W.2d 803.

gued), third-year law student, appearing under the rule on the limited practice of law by law students, Grand Forks, N.D., for petitioner and appellee.

Troy R. Morley (argued), Grand Forks, N.D., for respondent and appellant.

MARING, Justice.

[¶ 1] Christopher James Midgett appeals a district court order denying his petition for discharge from commitment as a sexually dangerous individual. He argues the district court erred in concluding clear and convincing evidence exists establishing he remained a sexually dangerous individual. We conclude the district court did not make sufficient findings of fact, and we reverse and remand for further findings.

I

[¶ 2] In March 2007, Midgett was civilly committed as a sexually dangerous individual, and this Court affirmed the district court's commitment order. *Matter of Midgett*, 2007 ND 198, 742 N.W.2d 803.

[¶ 3] Midgett petitioned for discharge on February 14, 2008. At an August 20, 2008, discharge hearing, the State and Midgett both presented expert testimony. The State's expert witness, Dr. Lynne Sullivan, testified that Midgett continues to suffer from pedophilia and antisocial personality disorder, has not participated in intensive sex offender treatment, and remains at a high risk of future sexual offending. Dr. Robert G. Riedel testified Midgett did not have impulse control problems and exhibited an ability to control his sexual urges. The district court denied Midgett's request for a discharge, concluding the State had established clear and convincing evidence that Midgett remains a sexually dangerous individual.

Dale R. Rivard (appeared), Assistant State's Attorney, and Kathryn Miller (ar-

[¶ 4] On appeal, Midgett does not dispute that he previously engaged in sexually predatory conduct, or that he has been diagnosed with disorders that meet the criteria under the second prong of N.D.C.C. § 25–03.3–01. Rather, he argues the State has not establish by clear and convincing evidence that he has a propensity toward sexual violence of such a degree as to pose a threat to others because he has not exhibited violent behavior for approximately thirteen years. He also contends the State has not fulfilled the *Kansas v. Crane* requirement because it has not established he has serious difficulty controlling his behavior. *See Kansas v. Crane*, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002). Finally, Midgett asserts he has not been placed in a sex offender treatment program and is being detained to participate in a program that focuses on his cognitive deficiencies.

## II

[¶ 5] We review civil commitments of sexually dangerous individuals under a modified clearly erroneous standard of review. *Matter of G.R.H.*, 2008 ND 222, ¶ 7, 758 N.W.2d 719. "[W]e affirm a district court order denying a petition for discharge from commitment as a sexually dangerous individual unless it is induced by an erroneous view of the law or we are firmly convinced it is not supported by clear and convincing evidence." *Id.*

[¶ 6] At a discharge hearing, the State bears the burden of proving by clear and convincing evidence that a committed individual remains a sexually dangerous individual. *Id.* Under N.D.C.C. § 25–03.3–01(8), the State must prove the individual has:

[E]ngaged in sexually predatory conduct ... has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction that makes that individual likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others.

In addition to the three statutory requirements, the State must prove the committed individual has serious difficulty controlling his behavior in order to satisfy substantive due process. *Matter of E.W.F.*, 2008 ND 130, ¶ 10, 751 N.W.2d 686. In *Kansas v. Crane*, the United States Supreme Court explained that the civil commitment of a sexually dangerous individual cannot be sustained without determining that the committed individual has a serious difficulty controlling his or her behavior, which suffices to distinguish a sexually dangerous individual from the typical recidivist. *Crane*, 534 U.S. at 413, 122 S.Ct. 867. The distinction between a sexually dangerous individual and a typical recidivist "is necessary lest 'civil commitment' become a 'mechanism for retribution or general deterrence'—functions properly those of criminal law, not civil commitment." *Id.* at 412, 122 S.Ct. 867 (quoting *Kansas v. Hendricks*, 521 U.S. 346, 372–73, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997)).

[¶ 7] Here, the district court determined Midgett suffered from pedophilia and an antisocial personality disorder, presented a high risk for recidivism if not treated, and had yet to begin structured sex offender treatment therapy. However, the district court did not make any findings on whether Midgett has serious difficulty controlling his behavior.

[¶ 8] Under N.D.R.Civ.P. 52(a), a district court must "find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." In *Matter of R.A.S.*, 2008 ND 185, ¶ 8, 756 N.W.2d 771 (citations omitted), we explained:

Conclusory, general findings do not comply with N.D.R.Civ.P. 52(a), and a finding of fact that merely states a party has failed in or has sustained its burden of proof is inadequate under the rule. The court must specifically state the facts upon which its ultimate conclusion is based on. The purpose of the rule is to provide the appellate court with an understanding of the factual issues and the basis of the district court's decision. Because this Court defers to a district court's choice between two permissible views of the evidence and the district court decides issues of credibility, detailed findings are particularly important when there is conflicting or disputed evidence. This Court cannot review a district court's decision when the court does not provide any indication of the evidentiary and theoretical basis for its decision because we are left to speculate what evidence was considered and whether the law was properly applied. The court errs as a matter of law when it does not make the required findings.

[¶ 9] We must understand the basis for the district court's decision in order to review that decision and determine whether the findings are clearly erroneous. *Id.* at ¶ 9. The district court did not specifically state the facts upon which it relied or even make a finding on whether Midgett had serious difficulty in controlling his behavior. We conclude the district court did not comply with N.D.R.Civ.P. 52(a) and its findings are inadequate to permit appellate review. We therefore reverse and remand for detailed findings pertaining to the *Crane* requirement. Because we are reversing and remanding for further findings, we need not address Midgett's other arguments.

### III

[¶ 10] We conclude the district court did not make sufficient findings of fact.

We reverse the district court's order and remand for detailed findings of fact on whether Midgett has serious difficulty controlling his behavior.

[¶ 11] GERALD W. VANDE WALLE, C.J., and DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.

CAROL RONNING KAPSNER, J., would reverse without remanding.