2011 ND 214

**In the Matter of Darl John HEHN.**

**A.W. Stokes, Richland County State's Attorney, Petitioner and Appellee**

v.

**Darl John Hehn, Respondent and Appellant.**

**No. 20110053.**

Supreme Court of North Dakota.

Nov. 15, 2011.

A.W. Stokes, State's Attorney, Wahpeton, ND, petitioner and appellee. Submitted on brief.

Don R. Krassin (argued), Wahpeton, ND, for respondent and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Darl John Hehn appealed from a district court order denying his petition for release from civil commitment as a sexually dangerous individual. We reverse and remand because the district court did not make sufficient findings to permit adequate appellate review.

## I.

[¶ 2] In 2006, Hehn was civilly committed as a sexually dangerous individual under N.D.C.C. ch. 25–03.3, and this Court affirmed the commitment order. *Matter of Hehn*, 2008 ND 36, 745 N.W.2d 631. In June 2010, Hehn petitioned for release from civil commitment. The district court held a hearing on the petition on December 6, 2010. Both the State and Hehn presented expert testimony. Dr. Lynne Sullivan, the State's expert witness, testified that Hehn suffers from borderline personality disorder with antisocial features and paraphilia not otherwise specified (hebephilia), he has not completed sex offender treatment, he demonstrates difficulty controlling his behavior, and he is likely to engage in future sexually predatory conduct if he is released. Dr. Riedel, the independent evaluator, testified that Hehn suffers from major depression and mixed personality disorder, he shows the ability to control his sexual urges, and he has a low expectation of re-offending. The district court denied Hehn's petition for discharge, finding that clear and convincing evidence established Hehn "is a person who is a sexual offender, suffers from a mental disorder, and is likely to engage in sexually predatory conduct in the future."

## II.

[¶ 3] We review the civil commitment of a sexually dangerous individual under a modified clearly erroneous standard. *Interest of G.L.D.*, 2011 ND 52, ¶ 5, 795 N.W.2d 346. "We will affirm a district court's order denying a petition for discharge unless it is induced by an erroneous view of the law or we are firmly convinced it is not supported by clear and convincing evidence." *Id.*

[¶ 4] At a discharge hearing, the State must prove by clear and convincing evidence that the committed individual remains a sexually dangerous individual. N.D.C.C. § 25–03.3–18(4). To satisfy this burden, the State must show the individual has:

engaged in sexually predatory conduct and ... [2] has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction that [3] makes that individual likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others.

N.D.C.C. § 25–03.3–01(8). "The phrase 'likely to engage in further acts of sexually predatory conduct' means the individual's propensity towards sexual violence is of such a degree as to pose a threat to others." *Matter of E.W.F.*, 2008 ND 130, ¶ 10, 751 N.W.2d 686 (quoting *Hehn*, 2008 ND 36, ¶ 19, 745 N.W.2d 631). In addition to the three statutory requirements, the State must also prove that the committed individual has serious difficulty controlling

his or her behavior to satisfy substantive due process requirements. *E.W.F.*, at ¶ 10 (citing *Kansas v. Crane*, 534 U.S. 407, 413, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002)).

### III.

[¶ 5] Hehn argues clear and convincing evidence does not support the district court's finding that he is likely to engage in future sexually predatory acts, and the district court did not make sufficient factual findings to support continuing his commitment.

[¶ 6] We have described what constitutes sufficient findings for civil commitment decisions:

> Conclusory, general findings do not comply with N.D.R.Civ.P. 52(a), and a finding of fact that merely states a party has failed in [or has sustained] its burden of proof is inadequate under the rule. The court must specifically state the facts upon which its ultimate conclusion is based on. The purpose of the rule is to provide the appellate court with an understanding of the factual issues and the basis of the district court's decision. Because this Court defers to a district court's choice between two permissible views of the evidence and the district court decides issues of credibility, detailed findings are particularly important when there is conflicting or disputed evidence. This Court cannot review a district court's decision when the court does not provide any indication of the evidentiary and theoretical basis for its decision because we are left to speculate what evidence was considered and whether the law was properly applied. The court errs as a matter of law when it does not make the required findings.

*Matter of R.A.S.*, 2008 ND 185, ¶ 8, 756 N.W.2d 771 (quotations and internal citations omitted). "Detailed findings, including credibility determinations and refer-ences to evidence the court relied on in making its decision, inform the committed individual and this Court of the evidentiary basis for the court's decision." *Id.* at ¶ 9. We have continually recognized the need for detailed findings in commitment decisions. *See Interest of Vondal*, 2011 ND 59, ¶¶ 8–9, 795 N.W.2d 343; *Interest of L.D.M.*, 2011 ND 25, ¶¶ 6–7, 793 N.W.2d 778; *Matter of T.O.*, 2011 ND 9, ¶¶ 4–5, 793 N.W.2d 204; *Matter of Voisine*, 2010 ND 17, ¶¶ 12–13, 777 N.W.2d 908; *Matter of Midgett*, 2009 ND 106, ¶¶ 8–9, 766 N.W.2d 717.

[¶ 7] In its order, the district court found Hehn was likely to engage in future sexually predatory conduct based on his "acts" and his "past history," but did not specify which "acts" or parts of Hehn's "past history" it based this conclusion on. The court also stated it based its finding that Hehn remains a sexually dangerous individual "upon the testimony of Dr. Sullivan ... [whose] opinions deserve more weight than Dr. Riedel's, and the exhibits received[.]" The district court did not discuss the details of Dr. Sullivan's testimony or the specific exhibits and their content that served as the basis for its finding. The district court also failed to make any findings as to whether Hehn has serious difficulty controlling his behavior, which is necessary to satisfy substantive due process requirements. *E.W.F.*, 2008 ND 130, ¶ 10, 751 N.W.2d 686 (citing *Crane*, 534 U.S. at 413, 122 S.Ct. 867).

[¶ 8] "We must understand the basis for the district court's decision in order to review that decision and determine whether the findings are clearly erroneous." *Midgett*, 2009 ND 106, ¶ 9, 766 N.W.2d 717. Here, the district court did not specify the facts it relied upon in finding Hehn remains a sexually dangerous individual. Additionally, the district court did not make any findings regarding Hehn's ability to control his behavior. The

district court has a duty to make independent findings, not merely to choose between competing expert opinions. *See Hehn*, 2008 ND 36, ¶ 21, 745 N.W.2d 631 (stating "[t]he importance of independent judicial decision-making means the judge, rather than the test scores or the psychologists who create them, is the ultimate decision-maker."). We conclude the district court erred as a matter of law in failing to make sufficient findings. Because we are reversing and remanding for further findings, we do not address Hehn's other arguments.

### IV.

[¶ 9] We reverse the district court order and remand for further proceedings.

[¶ 10] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ. concur.

SANDSTROM, Justice, dissenting.

[¶ 11] Because the majority reverses on the basis of an issue not raised by the parties, I respectfully dissent.

[¶ 12] Hehn raised only one issue on appeal:

Was there clear and convincing evidence Mr. Hehn is a sexually dangerous individual and likely to engage in further acts of sexually predatory conduct?

[¶ 13] There is more than sufficient evidence to justify the district court's finding that Hehn is a sexually dangerous individual and likely to engage in further acts of sexually predatory conduct.

[¶ 14] The majority reverses on an issue not raised. *See Interest of L.D.M.*, 2011 ND 25, ¶ 10, 793 N.W.2d 778 (Sandstrom, J., dissenting). I would affirm.

[¶ 15] DALE V. SANDSTROM