2014 ND 63

**In the Interest of Robert R. HOFF.**

**Pamela A. Nesvig, Assistant State's Attorney, Petitioner and Appellee**

**v.**

**Robert R. Hoff, Respondent and Appellant.**

**No. 20130323.**

Supreme Court of North Dakota.

April 3, 2014.

Pamela Ann Nesvig, Assistant State's Attorney, Burleigh County Courthouse, Bismarck, ND, for petitioner and appellee; submitted on brief.

Gregory Ian Runge, Bismarck, ND, for respondent and appellant; submitted on brief.

CROTHERS, Justice.

[¶ 1] Robert R. Hoff appeals a district court order denying his petition for discharge from civil commitment as a sexually dangerous individual. The district court found by clear and convincing evidence Hoff remains a sexually dangerous individual. Hoff argues the district court erred in determining that he has a congenital or acquired condition manifested by a sexual disorder, personality disorder or other mental disorder or dysfunction, that he is likely to engage in further acts of sexually predatory conduct and that he has difficulty controlling his behavior. We reverse and remand, concluding the district court made insufficient findings of fact on whether Hoff has difficulty controlling his behavior.

I

[¶ 2] Hoff was civilly committed as a sexually dangerous individual on January 11, 2006. Hoff was diagnosed with antisocial personality disorder with a high degree of psychopathy, providing a basis for finding he would engage in future acts of sexually predatory conduct and would experience serious difficulty controlling his behavior. The district court determined Hoff remained a sexually dangerous individual in 2009 and 2012. Hoff petitioned for discharge again in 2013, which was denied on September 18, 2013.

[¶ 3] Dr. Lynne Sullivan testified in the 2013 proceeding that Hoff has a severe personality disorder based on meeting all seven criteria for antisocial personality disorder, a high score on his psychopathy checklist, continued violation of social norms, lack of empathy, impulsivity, authority issues and write-ups evidencing self-centeredness. Dr. Sullivan stated Hoff's results on previously scored assessment tools and his diagnosis indicated he likely would engage in predatory conduct and had a thirty-five percent chance of reoffending within ten years. Dr. Sullivan indicated Hoff would have serious difficulty controlling his behavior if released into the community because he has not learned anything during treatment. Dr. Sullivan noted Hoff has serious problems interacting with females and may not intervene appropriately in sexually risky situations.

[¶ 4] Dr. Robert George Riedel testified on Hoff's behalf, asserting Hoff had a diagnosis of mixed personality disorder with borderline antisocial features rather than antisocial personality disorder. Dr. Riedel noted Hoff scored twenty-six on the PCL–R test, indicating he may benefit from treatment. Dr. Riedel further stated

Hoff showed just over a thirteen percent chance of recidivism, indicating he should not be committed.

[¶ 5] The district court found Hoff's diagnosis of antisocial personality disorder with a high degree of psychopathy makes it likely he will engage in future acts of sexually predatory conduct. The district court found Hoff's lack of progress in treatment placed him at a high risk to reoffend. The district court found Hoff remained a sexually dangerous individual and denied his petition for discharge. The district court did not make findings whether Hoff has difficulty controlling his behavior under *Kansas v. Crane*, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002). Hoff appeals.

## II

■ [¶ 6] "We review civil commitments of sexually dangerous individuals under a modified clearly erroneous standard of review." *Interest of G.L.D.*, 2011 ND 52, ¶ 5, 795 N.W.2d 346. "We· will affirm a district court's order denying a petition for discharge unless it is induced by an erroneous view of the law or we are firmly convinced it is not supported by clear and convincing evidence." *Id.* "[W]e give great deference to the court's credibility determinations of expert witnesses and the weight to be given their testimony." *Id.*

■ [¶ 7] At a commitment proceeding, the State must prove by clear and convincing evidence the person is a sexually dangerous individual. N.D.C.C. § 25–03.3–13. When a committed individual petitions for discharge, the State must prove by clear and convincing evidence the individual remains a sexually dangerous individual. N.D.C.C. § 25–03.3–18(4). The State must prove three statutory elements to meet its burden, in addition to satisfying a substantive due process requirement.

*In re Vantreece*, 2009 ND 152, ¶ 6, 771 N.W.2d 585. The statutory elements are:

"an individual [1] who is shown to have engaged in sexually predatory conduct and [2] who has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction [3] that makes that individual likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others."

N.D.C.C. § 25–03.3–01(8). Additionally, to comport with the language of the statute and constitutional substantive due process concerns, this Court:

"construe[s] the definition of a sexually dangerous individual to mean that proof of a nexus between the requisite disorder and dangerousness encompasses proof that the disorder involves serious difficulty in controlling behavior and suffices to distinguish a dangerous sexual offender whose disorder subjects him to civil commitment from the dangerous but typical recidivist in the ordinary criminal case."

*Matter of G.R.H.*, 2006 ND 56, ¶ 18, 711 N.W.2d 587 (discussing the requirements of *Kansas v. Crane*, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002)). The fourth determination is whether the individual has difficulty controlling his behavior. *In re E.W.F.*, 2008 ND 130, ¶ 10, 751 N.W.2d 686.

## III

■ [¶ 8] Hoff does not challenge the district court's finding he engaged in sexually predatory conduct. After Dr. Sullivan and Dr. Riedel offered differing testimony regarding each element, the district court determined Hoff remained a sexually dangerous individual. The district court made findings on whether Hoff has a congenital

or acquired condition manifested by a sexual disorder, personality disorder or other mental disorder and whether Hoff was likely to engage in sexually predatory conduct. However, the district court neglected to make findings regarding whether Hoff has difficulty controlling his behavior.

[¶ 9] Sufficient findings are required to enable appellate review, and in *Matter of R.A.S.* we stated:

"In civil actions tried without a jury or with an advisory jury, N.D.R.Civ.P. 52(a) requires the court to:

" 'find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.... It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the court.'

" 'Conclusory, general findings do not comply with N.D.R.Civ.P. 52(a), and a finding of fact that merely states a party has failed in [or has sustained] its burden of proof is inadequate under the rule.' *Rothberg v. Rothberg*, 2006 ND 65, ¶ 14, 711 N.W.2d 219. The court must specifically state the facts upon which its ultimate conclusion is based on. *Id.* The purpose of the rule is to 'provide the appellate court with an understanding of the factual issues and the basis of the district court's decision.' *Clark v. Clark*, 2005 ND 176, ¶ 8, 704 N.W.2d 847. Because this Court defers to a district court's choice between two permissible views of the evidence and the district court decides issues of credibility, *see Stanhope v. Phillips–Stanhope*, 2008 ND 61, ¶ 10, 747 N.W.2d 79, detailed findings are particularly important when there is conflicting or disputed evidence. This Court cannot review a district court's decision when the court does not provide any indication of the evidentiary and theoretical basis for its decision because we are left to speculate what evidence was considered and whether the law was properly applied. *See Clark*, at ¶¶ 9 and 13. The court errs as a matter of law when it does not make the required findings. *L.C.V. v. D.E.G.*, 2005 ND 180, ¶ 11, 705 N.W.2d 257.

"In order to review the district court's decision and determine whether its findings are clearly erroneous, we must understand the basis for the court's decision, and in this case we cannot. Rather, the district court's finding is general and conclusory, and merely states that the State sustained its burden of proof. *Cf. Federal Land Bank of St. Paul v. Lillehaugen*, 404 N.W.2d 452, 459 (N.D.1987) (general, conclusory finding on confiscatory-price defense not sufficient). Detailed findings, including credibility determinations and references to evidence the court relied on in making its decision, inform the committed individual and this Court of the evidentiary basis for the court's decision. *See In the Interest of J.S.*, 2001 ND 10, ¶ 9, 621 N.W.2d 582. Here, the court's findings do not provide us with an understanding of the factual basis for the court's ultimate finding that R.A.S. remains a sexually dangerous individual. The court was required to make detailed findings of fact to support its ultimate finding that R.A.S. remains a sexually dangerous individual; including detailed findings about whether R.A.S. has engaged in sexually predatory conduct, whether he has a sexual, personality, or mental disorder that makes him likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others, and whether

he has serious difficulty controlling his behavior. N.D.C.C. § 25–03.3–01(8); *E.W.F.*, 2008 ND 130, ¶ 10, 751 N.W.2d 686. We conclude the district court did not comply with N.D.R.Civ.P. 52(a) and therefore its findings are inadequate to permit appellate review.

"We reverse the district court's order and remand for detailed findings of fact and conclusions of law to support the court's decision to deny R.A.S.'s petition for discharge."

*R.A.S.*, 2008 ND 185, ¶¶ 8–10, 756 N.W.2d 771. In *Matter of Vantreece*, a district court was reversed for making conclusory findings of fact and failing to make findings under the final consideration of whether the individual has difficulty controlling their behavior. 2008 ND 197, ¶ 3, 758 N.W.2d 909.

[¶ 10] Here, like in *Vantreece*, the district court did not address the due process consideration of whether Hoff has difficulty controlling his behavior, as required by *Crane*, 534 U.S. at 412–13, 122 S.Ct. 867. We do not address whether the district court was clearly erroneous in finding Hoff has a congenital or acquired condition manifested by a sexual disorder, personality disorder or other mental disorder and whether he is likely to engage in sexually predatory conduct because the district court made a reversible error in failing to make the required findings under *Crane*.

[¶ 11] The district court's order is reversed and the case remanded for detailed findings of fact and conclusions of law on each legal element supporting the district court's decision to deny Hoff's petition for discharge.

## IV

[¶ 12] The district court did not make sufficient findings of fact. We reverse the district court order and remand.

[¶ 13] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.