2013 ND 191

**In the Matter of Darl John HEHN**

**A.W. Stokes, Richland County State's Attorney, Petitioner and Appellee**

v.

**Darl John Hehn, Respondent and Appellant.**

**Nos. 20130055, 20130143.**

Supreme Court of North Dakota.

Oct. 22, 2013.

Jonathan R. Byers, Special Assistant State's Attorney, Bismarck, N.D., for petitioner and appellee.

Jason R. Butts, Wahpeton, N.D., for respondent and appellant.

MARING, Justice.

[¶ 1] Darl Hehn appealed from an order denying his petition for discharge from

civil commitment as a sexually dangerous individual and from an order delaying a hearing on a subsequent petition for discharge until twelve months had passed since the last discharge hearing. We affirm, concluding (1) the district court did not err in finding that Hehn remained a sexually dangerous individual and (2) the district court did not err in concluding Hehn was not entitled to another discharge hearing until twelve months had passed since the last discharge hearing.

I

[¶ 2] In 1997, Hehn pled guilty to two counts of gross sexual imposition and one count of terrorizing. He was released from prison on supervised probation in 2003, but his probation was revoked and he was returned to prison in 2004. In 2006, Hehn was civilly committed as a sexually dangerous individual. *See In re Hehn*, 2008 ND 36, 745 N.W.2d 631.

[¶ 3] In June 2010, Hehn petitioned for discharge. Following a hearing in December 2010, the district court denied the petition. Hehn appealed, and this Court reversed and remanded for the district court to make additional findings of fact. *In re Hehn*, 2011 ND 214, 806 N.W.2d 189. On remand, the district court made additional findings and again denied the petition for discharge, and this Court affirmed on appeal. *See In re Hehn*, 2012 ND 191, 821 N.W.2d 385.

[¶ 4] In September 2011, while his 2010 petition for discharge was pending, Hehn filed a second petition for discharge. The district court stayed consideration of the 2011 petition until the 2010 petition was finally resolved. Hehn appealed the stay and our Court supervised, holding the district court must conduct an annual review on the 2011 petition. *In re Hehn*, N.D. Sup.Ct. No. 20120212 (N.D. May 16, 2012) (Order of Supervision). The district court held an evidentiary hearing on the 2011 petition on January 3, 2013. Both the State's expert witness and the independent expert concluded that Hehn remained a sexually dangerous individual at that time. Based on the experts' opinions, the district court found that Hehn remained a sexually dangerous individual and denied the 2011 petition for discharge.

[¶ 5] In December 2012, while the second petition for discharge was pending, Hehn filed a letter with the district court requesting an annual review, which the district court treated as a third petition for discharge. After the court entered its order on January 16, 2013, denying Hehn's second petition for discharge, Hehn sought a hearing on the third petition. The court concluded that, because Hehn had received an evidentiary hearing in January 2013 on his second petition for discharge, he was not entitled to another evidentiary hearing until January 2014. The court therefore, on April 11, 2013, entered an order denying an immediate hearing on the third petition and directing the parties to prepare for a hearing to be held after January 3, 2014.

II

[¶ 6] Hehn appealed from the district court order denying his second petition for discharge, alleging the State failed to present clear and convincing evidence that he is likely to engage in further sexually predatory conduct.

[¶ 7] We review civil commitments of sexually dangerous individuals under a modified clearly erroneous standard of review. *In re Graham*, 2013 ND 171, ¶ 9, 837 N.W.2d 382; *In re J.G.*, 2013 ND 26, ¶ 8, 827 N.W.2d 341; *Hehn*, 2011 ND 214, ¶ 3, 806 N.W.2d 189. We will affirm a district court's order denying a petition for discharge unless it is induced by an erroneous view of the law or we are

firmly convinced it is not supported by clear and convincing evidence. *Graham*, at ¶ 9; *J.G.*, at ¶ 8; *Hehn*, at ¶ 3.

[¶ 8] At a discharge hearing, the State must prove by clear and convincing evidence that the committed individual remains a sexually dangerous individual. N.D.C.C. § 25–03.3–18(4); *Graham*, 2013 ND 171, ¶ 10, 837 N.W.2d 382; *J.G.*, 2013 ND 26, ¶ 9, 827 N.W.2d 341; *Hehn*, 2011 ND 214, ¶ 4, 806 N.W.2d 189. To prove the committed individual remains a sexually dangerous individual, the State must establish four elements: (1) the individual has engaged in sexually predatory conduct; (2) the individual has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction; (3) the disorder makes the individual likely to engage in further acts of sexually predatory conduct; and (4) the individual has serious difficulty controlling his or her behavior. *Graham*, at ¶ 11; *J.G.*, at ¶ 9; *Hehn*, at ¶ 4; *see* N.D.C.C. § 25–03.3–01(8).

[¶ 9] Hehn contends that the State failed to present clear and convincing evidence on the third element, likelihood to reoffend. In this case both the State's expert, Dr. Lisota, and the independent expert, Dr. Benson, concluded that Hehn was likely to engage in further acts of sexually predatory conduct if he were released. Hehn challenges the basis for Dr. Lisota's findings and conclusions on this element, alleging Dr. Lisota failed to perform actuarial tests and relied upon improper factors in reaching the conclusion Hehn was likely to reoffend.

[¶ 10] Hehn's allegations go to the credibility of Dr. Lisota. We have consistently held that the district court is the best credibility evaluator in cases of conflicting testimony, and we will not second guess the district court's credibility determinations. *E.g.*, *J.G.*, 2013 ND 26, ¶ 15, 827 N.W.2d 341; *In re A.M.*, 2009 ND 104, ¶ 10, 766 N.W.2d 437. Furthermore, in this case both experts reached the conclusion that Hehn was likely to engage in further acts of sexually predatory conduct if he were released. Hehn did not raise any issue contesting Dr. Benson's conclusion Hehn was likely to reoffend.

[¶ 11] Based upon the record presented in this case, we are not firmly convinced that the district court's order denying Hehn's petition for discharge is not supported by clear and convincing evidence.

## III

[¶ 12] Hehn has appealed from the district court's April 11, 2013, order denying an immediate hearing on Hehn's third petition for discharge. The court held that, under N.D.C.C. § 25–03.3–18(2), Hehn was not entitled to another discharge hearing until twelve months had passed since the date of his last discharge hearing, which had been held on January 3, 2013.

[¶ 13] Our statutory scheme provides two separate procedures for recurring evaluations of individuals committed as sexually dangerous individuals. Section 25–03.3–17, N.D.C.C., requires annual evaluations of the committed individual's mental condition and a report to the district court:

2. Each committed individual must have an examination of that individual's mental condition at least once a year. A report regarding the examination must be provided to the court that committed the individual. . . .

. . . .

4. After any report pursuant to this section is provided to the court, the court may order further examination and investigation of the committed

individual as the court considers necessary. The court may set the matter for a hearing.

N.D.C.C. § 25–03.3–17(2), (4). The annual evaluation provided under this section is mandatory, and the court, upon receiving the report of the evaluation, may in its discretion hold an evidentiary hearing. A committed individual who has not received required evaluations under N.D.C.C. § 25–03.3–17 may seek redress by a writ of mandamus. Hehn has conceded on appeal that he has received the required annual evaluations under N.D.C.C. § 25–03.3–17.

[¶ 14] Section 25–03.3–18, N.D.C.C., provides for a separate procedure, allowing the committed individual to petition for discharge:

Annually, the executive director shall provide the committed individual with written notice that the individual has a right to petition the court for discharge. The notice must explain to the committed person when the committed person has a right to a hearing on the petition. The notice must inform the committed person of the rights this chapter affords the committed person at a discharge hearing.

N.D.C.C. § 25–03.3–18(1). The committed person has a right to a hearing on the petition for discharge if he has not had a discharge hearing within the past twelve months:

If the committed individual files a petition for discharge and has not had a hearing pursuant to section 25–03.3–17 or this section during the preceding twelve months, the committed individual has a right to a hearing on the petition.

N.D.C.C. § 25–03.3–18(2).

[¶ 15] Hehn contends that, under N.D.C.C. § 25–03.3–18(1), he is entitled to annually file a discharge petition and receive a hearing on each petition once in each calendar year. He argues that the procedure employed in this case deprived him of his right to have a hearing each year, and he therefore should have been afforded an immediate hearing on his December 2012 petition in April 2013, rather than being required to wait until January 2014 for another hearing.

[¶ 16] We believe the legislature's intent is clearly expressed in N.D.C.C § 25–03.3–18(2): a committed individual is only entitled to a hearing on a petition for discharge if he "has not had a hearing pursuant to section 25–03.3–17 or this section during the preceding twelve months." The statute unambiguously provides that a committed individual is only entitled to one discharge hearing within a twelve-month period.[1]

[¶ 17] The district court in this case noted that Hehn, who had a discharge hearing on his second petition three months earlier, was not entitled as a matter of right to an immediate hearing on his third petition. Rather, the court directed the parties to prepare for a hearing after January 3, 2014, when the twelve-month period would expire. This procedure complied with the dictates of N.D.C.C. § 25–03.3–18 and did not deprive Hehn of his right to a hearing.

[¶ 18] We conclude the district court did not err in denying Hehn a hearing on his third petition for discharge until twelve months had passed since his last discharge hearing.

## IV

[¶ 19] We have considered the remaining issues and arguments raised by the parties and find they are either unneces-

---

1. The provisions of N.D.C.C. §§ 25–03.3–17 and 25–03.3–18 do not apply if the committed individual is incarcerated. *See* N.D.C.C. § 25–03.3–18.1.

sary to our decision or without merit. The orders are affirmed.

[¶ 20] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.