2014 ND 31

**In the Matter of Sandy Lee MANGELSEN.**

**Haley L. Wamstad, Grand Forks County State's Attorney, Petitioner and Appellee**

**v.**

**Sandy Lee Mangelsen, Respondent and Appellant.**

**No. 20130155.**

Supreme Court of North Dakota.

Feb. 13, 2014.

Haley L. Wamstad, Assistant State's Attorney, Grand Forks, N.D., for petitioner and appellee.

Tyler J. Morrow, Grand Forks, N.D., for respondent and appellant.

KAPSNER, Justice.

[¶ 1]  Sandy Mangelsen appeals from a district court order finding he is a sexually dangerous individual and committing him to the care, custody, and control of the Executive Director of the Department of Human Services.  We affirm, concluding the district court did not err in finding the State established by clear and convincing evidence that Mangelsen is a sexually dangerous individual.

I

[¶ 2]  Mangelsen's first sexual offense occurred in South Dakota in August 2005, when he was 18 years old.  Mangelsen touched the breast of a 13–year–old girl over her clothes, and touched the thigh and held hands with a 14–year–old girl.  As a result, Mangelsen was convicted of sexual contact with a child under the age of 16 and received a suspended sentence.

[¶ 3]  Mangelsen's second sexual offense occurred in North Dakota in 2007, when he was 20 years old.  Mangelsen kissed on the mouth and touched the buttock of a 14–year–old girl.  Mangelsen was convicted of gross sexual imposition and sentenced to five years imprisonment with four years suspended.  While incarcerated, Mangelsen successfully completed a low intensity sex offender treatment program.

[¶ 4] After his release from prison on probation, Mangelsen was not to leave North Dakota or be in public areas where children congregated. In February 2010, Mangelsen was seen touching an adult female who looked younger than 18 at the public library in East Grand Forks, Minnesota. In April 2010, Mangelsen provided false information to police about his residence. He was charged with, and pled guilty to, failure to register as a sex offender and making a false report to law enforcement. In addition, his probation was revoked and he was resentenced to 120 months of incarceration, with 59 months suspended.

[¶ 5] Prior to Mangelsen's scheduled release from incarceration, the State filed a petition seeking to commit him as a sexually dangerous individual under N.D.C.C. ch. 25–03.3. A commitment hearing was held on January 4, 2013. The district court found that Mangelsen is a sexually dangerous individual under N.D.C.C. § 25–03.3–01(8) and ordered him committed to the care, custody, and control of the Executive Director of the Department of Human Services.

II

[¶ 6] Mangelsen contends on appeal that the State failed to prove by clear and convincing evidence that he is a sexually dangerous individual.

[¶ 7] Before a person can be civilly committed as a sexually dangerous individual under N.D.C.C. ch. 25–03.3, the State must establish four elements by clear and convincing evidence: (1) the individual has engaged in sexually predatory conduct; (2) the individual has a congenital or acquired condition that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction; (3) the condition makes the individual likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others; and (4) the individual has serious difficulty controlling his behavior. *In re Hehn*, 2013 ND 191, ¶ 8, 838 N.W.2d 469; *In re Whitetail*, 2013 ND 143, ¶ 5, 835 N.W.2d 827; *In re Voisine*, 2010 ND 17, ¶ 9, 777 N.W.2d 908; N.D.C.C. § 25–03.3–01(8). We review civil commitments of sexually dangerous individuals under a modified clearly erroneous standard, and we will affirm the district court's order unless it is induced by an erroneous view of the law or we are firmly convinced that the order is not supported by clear and convincing evidence. *In re Johnson*, 2013 ND 146, ¶ 5, 835 N.W.2d 806.

[¶ 8] In reviewing the district court's order, we give great deference to the court's credibility determinations of expert witnesses and the weight to be given their testimony, because the trial court is the best credibility evaluator in cases of conflicting testimony. *In re J.M.*, 2013 ND 11, ¶ 8, 826 N.W.2d 315. A claim that the district court improperly relied upon the opinion of one expert instead of another challenges the weight the evidence was assigned, not the sufficiency of the evidence. *Whitetail*, 2013 ND 143, ¶ 5, 835 N.W.2d 827; *In re J.T.N.*, 2011 ND 231, ¶ 8, 807 N.W.2d 570. Because the evaluation of credibility where evidence is conflicting is solely a trial court function, this Court will not reweigh expert testimony nor second-guess the credibility determinations made by the trial court in sexually dangerous individual proceedings. *J.T.N.*, at ¶ 8. A choice between two permissible views of the weight of the evidence is not clearly erroneous. *Id.; In re Wolff*, 2011 ND 76, ¶ 14, 796 N.W.2d 644.

III

[¶ 9] Mangelsen's primary contention on appeal is that the State failed to

prove by clear and convincing evidence that he has serious difficulty controlling his sexual behavior. Mangelsen argues the State therefore failed to establish the fourth element required to show he is a sexually dangerous individual.

[¶ 10] The fourth element of the commitment standards evolved in response to substantive due process concerns, as expressed in *Kansas v. Crane*, 534 U.S. 407, 412–13, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002), as a corollary to the third statutory-based element of the test. *Voisine*, 2010 ND 17, ¶ 9, 777 N.W.2d 908. We explained the requirements of this constitutionally based component of the sexually dangerous individual test in *J.M.*, 2013 ND 11, ¶ 7, 826 N.W.2d 315 (citation omitted):

We have construed that statutory definition of a sexually dangerous individual in conjunction with *Kansas v. Crane*, 534 U.S. 407, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002), and substantive due process to require the State to prove the committed individual has serious difficulty controlling his or her behavior. Under *Crane* and requirements for substantive due process, the definition of a sexually dangerous individual requires a nexus or connection between the disorder and dangerousness, including evidence showing the person has serious difficulty controlling his or her behavior, which distinguishes a sexually dangerous individual from the dangerous but typical recidivist in an ordinary criminal case.

[¶ 11] Mangelsen argues the State failed to satisfy the due process component because it did not prove he had exhibited conduct demonstrating he has serious difficulty controlling his *sexual* behavior. Mangelsen contends there must be evidence specifically showing a continued difficulty in controlling *sexual* behavior to warrant civil commitment under N.D.C.C. ch. 25–03.3.

[¶ 12] This Court, however, has expressly rejected the argument that the conduct demonstrating serous difficulty in controlling behavior must be sexual in nature:

Neither *Kansas v. Crane* nor our case law, however, require the conduct evidencing the individual's serious difficulty in controlling his behavior to be sexual in nature. *See Crane*, 534 U.S. at 412–13, 122 S.Ct. 867 (holding the Constitution only requires proof of serious difficulty in controlling behavior); *Matter of R.A.S.*, 2009 ND 101, ¶ 19, 766 N.W.2d 712 (explaining that in order to continue an individual's commitment, North Dakota's statute does not require proof of conduct sexual in nature after the individual's initial commitment). To the extent Wolff argues our decision in *Interest of J.M.*, 2006 ND 96, ¶ 10, 713 N.W.2d 518, should be read to require proof of an individual's serious difficulty in controlling his behavior be sexual in nature, we now clarify that not to be true.

*Wolff*, 2011 ND 76, ¶ 7, 796 N.W.2d 644.

[¶ 13] The district court based its finding that Mangelsen had serious difficulty controlling his behavior on some instances of sexual conduct and some instances of non-sexual conduct. The court also considered conflicting testimony presented by the two expert witnesses, Dr. Lisota for the State and Dr. Ertelt for Mangelsen. Dr. Lisota diagnosed Mangelsen with Paraphilia NOS (Polymorphous Perverse), Polysubstance Dependence, Antisocial Personality Disorder, and Borderline Intellectual Functioning. Dr. Lisota opined that Mangelsen's disorders resulted in serious difficulty controlling his behavior. Dr. Ertelt diagnosed Mangelsen with Attention–Deficit/Hyperactivity Disorder, Alcohol Dependence, Impulse Control Disorder, Adult Antiso-

cial Behavior, and Borderline Intellectual Functioning, but ultimately opined that there was nothing separating Mangelsen from the typical recidivist.

[¶ 14]   The district court found that Dr. Lisota's testimony was more credible and supported a finding that Mangelsen had serious difficulty controlling his behavior and was likely to engage in further sexually predatory conduct.   We give great weight to the court's credibility determinations, *J.M.*, 2013 ND 11, ¶ 8, 826 N.W.2d 315, and we do not reweigh expert testimony or second-guess credibility determinations made by the trial court in sexually dangerous individual proceedings. *J.T.N.*, 2011 ND 231, ¶ 8, 807 N.W.2d 570.

[¶ 15]   The district court fully explained the rationale for its finding that Mangelsen's conduct demonstrated serious difficulty in controlling his behavior.   The court noted:

> Both experts agree that Mangelsen has difficulty controlling his impulses.   Dr. Ertelt diagnosed Mangelsen with Impulse Control Disorder NOS, and Dr. Lisota addresses this difficulty in controlling impulses in his diagnosis of Antisocial Personality Disorder.   Recent examples of Mangelsen's impulsivity include his numerous disciplinary infractions while incarcerated at the State Penitentiary, such as quitting his employment in the kitchen without prior approval, being discharged from low intensity sex offender treatment two times, once for copying former group members' assignments and later for failure to attend. . . . These behaviors associated with this diagnosis, and demonstrated by Mangelsen increase the risk of Mangelsen engaging in further acts of sexually predatory conduct.

[¶ 16]   The court ultimately found that Mangelsen had demonstrated serious difficulty controlling his behavior, satisfying the fourth element of the sexually dangerous individual test:

> Though addressed above, this Court wishes to specifically address whether Mangelsen has shown sufficient difficulty in controlling his behavior.   This Court finds that the State has shown by clear and convincing evidence that he has.   This is evidenced by Mangelsen's disciplinary write-ups while in prison, including a write-up for sexual behavior with another inmate;   Mangelsen's failure to comply with conditions of supervised probation in both Minnesota and North Dakota.   In North Dakota, his probation was revoked two times for failing to comply with the conditions of his supervised probation, including the first revocation being based upon his touching a female under her clothing at a public library, and not notifying his Probation Officer of a new romantic relationship with a woman having minor children.   Despite being in the most restrictive placement possible, prison, Mangelsen, still has difficulty controlling his behavior, including his sexual behavior.   And despite being on supervised probation and facing severe consequences, revocation of his probation, he has difficulty controlling his behavior.   In South Dakota, Mangelsen's suspended imposition of sentence was revoked after Mangelsen was charged with Burglary in Minnesota.   Even though being faced with severe consequences in South Dakota as well as Minnesota, Mangelsen was unable to control his behavior.

[¶ 17]   Applying our limited standard of review, we conclude the district court's findings that Mangelsen had exhibited serious difficulty in controlling his behavior and that he is a sexually dangerous individual are not clearly erroneous.

IV

[¶ 18] In his brief on appeal, Mangelsen repeatedly references the fact that his prior sexual convictions involved "low level" sexual offenses, implying that an individual who has committed only low level offenses should not be deemed a sexually dangerous individual subject to civil commitment under N.D.C.C. ch. 25–03.3. The commitment of sexually dangerous individuals is a statutorily created procedure, and the legislature has adopted a broad definition of "sexually predatory conduct," the initial triggering point for civil commitment under the statute. *See* N.D.C.C. § 25–03.3–01(9). In his written closing argument following the commitment hearing, Mangelsen expressly conceded "that the State has shown by clear and convincing evidence that he has engaged in sexually predatory conduct, as evidenced by previous convictions." On appeal, Mangelsen does not argue that his prior convictions did not constitute sexually predatory conduct under N.D.C.C. § 25–03.3–01(9). Accordingly, no issue is presented on this appeal questioning whether Mangelsen engaged in sexually predatory conduct under N.D.C.C. § 25–03.3–01(9).

[¶ 19] Although arguments might be made that the civil commitment provisions of N.D.C.C. ch. 25–03.3 should not apply to individuals who have committed only low level sexual offenses, those arguments are more appropriately addressed to the legislature, not the judiciary. *See Rodenburg v. Fargo–Moorhead Young Men's Christian Ass'n*, 2001 ND 139, ¶ 29, 632 N.W.2d 407. This Court's function is to interpret the statute as written by the legislature, and "[t]he justice, wisdom, necessity, utility and expediency of legislation are questions for legislative, and not for judicial determination." *Id.* (quoting *Stokka v. Cass Cnty. Elec. Coop., Inc.*, 373 N.W.2d 911, 914 (N.D.1985)). It

is for the legislature, not the courts, to identify and determine the public policy of the state. *Estate of Christeson v. Gilstad*, 2013 ND 50, ¶ 14, 829 N.W.2d 453; *Rodenburg*, at ¶ 29.

V

[¶ 20] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit. We affirm the order committing Mangelsen to the care, custody, and control of the Executive Director of the Department of Human Services.

[¶ 21] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, S.J., DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.

[¶ 22] The Honorable LISA FAIR McEVERS was not a member of the Court when this case was heard and did not participate in this decision. Surrogate Judge MARY MUEHLEN MARING, sitting.

SANDSTROM, Justice, concurring.

[¶ 23] Because of the sparse treatment of Mangelsen's sexually predatory conduct in the Majority opinion, I believe it helpful to recite the district court's findings here:

Mangelsen has conceded that the State has shown by clear and convincing evidence that he has engaged in sexually predatory conduct, as evidenced by his previous criminal convictions. *See:* Respondent's Closing Argument, pg. 3. N.D.C.C. § 25–03.3–01(9) defines "sexually predatory conduct" to include "engaging or attempting to engage in a sexual act or sexual contact with another individual, or causing or attempting to cause another individual to engage in a sexual act or sexual contact, if ... (4) the victim is less than fifteen years old;" ... or "(7) the victim is a minor and the actor is an adult ..." The Defendant's

prior criminal history includes convictions for Sexual Contact with a child less than 16 (South Dakota Court Order Suspending Imposition of Sentence was dated January 11, 2006) and Gross Sexual imposition for having sexual contact with a victim under the age of 15 years (Judgment was entered in Grand Forks District Court on November 6, 2007).

Mangelsen's criminal record also includes the following: two Minor in Possession (2006); Theft of less than $250 (2006); burglary (2006); a Burglary conviction in Polk County, Minnesota and a Revocation of Probation in Minnesota; two convictions for False Information to Law Enforcement (11/6/07 and 8/17/10); a conviction for Failure to Register as a Sex Offender (8/17/10); an Order out of South Dakota revoking Mangelsen's Suspended Imposition of Sentence as he was charged with burglary in Polk County, Minnesota (1/12/07); an Order dated April 30, 2010 on a Petition for Revocation of Probation of Mangelsen's probation entered in Grand Forks District Court returning Mangelsen to supervised probation with Mangelsen admitting to visiting a place frequented by minors and to failing to notify his PO of a new existing romantic relationship (Mangelsen was found touching female under her clothing at a public library and had in his possession a letter he had written to a woman with minor children seeking a romantic relationship); and a subsequent Order in the Grand Forks District Court case dated August 25, 2010 revoking Mangelsen's probation with Mangelsen admitting to the allegations of failing to remain law abiding (convicted of Failing to Register as Sex Offender and False Information to Law Enforcement) and failing to notify of a change in his residence and misrepresenting his residence address.

Mangelsen was an adult when he committed the crimes of Gross Sexual Imposition With a Minor Under the age of 15 in North Dakota, and when he committed the crime of Sexual Contact With a Child Less than 16 years in South Dakota. The conduct of Mangelsen in each of these crimes meet the definition of "sexually predatory conduct", as in one case the victim was less than 15 and in the other the victim was a minor and Mangelsen was an adult. With regard to the sexual contact with child less than 16 years old, Mangelsen was 18 years old and his victims were 13 and 14–year–old females. Mangelsen touched the breast of the 13–year–old and touched the inside of the thigh of the 14–year–old. Dr. Lisota also testified that during the investigation of this crime, it was alleged that he touched the genital area of a 9–year–old girl over her clothing and attempted to kiss her. No charges were brought on this allegation. As to the gross sexual imposition conviction, Mangelsen was 20 years old and had kissed and touched the buttocks of a 14–year–old girl.

[¶ 24] I agree the district court did not err in finding the State established by clear and convincing evidence that Mangelsen is a sexually dangerous individual.

[¶ 25] Dale V. Sandstrom.