2015 ND 295

In the Interest of Maurice Robert THILL.

Brian D. Grosinger, Assistant State's Attorney, Petitioner and Appellee

v.

Maurice Robert Thill, Respondent and Appellant.

No. 20150147.

Supreme Court of North Dakota.

Dec. 22, 2015.

Brian D. Grosinger, Assistant State's Attorney, Mandan, ND, for petitioner and appellee.

Kent M. Morrow, Bismarck, ND, for respondent and appellant.

CROTHERS, Justice.

[¶ 1] Maurice Robert Thill appeals from a district court order denying his petition for discharge from civil commitment as a sexually dangerous individual. Thill argues that the district court's order was not supported by clear and convincing evidence and that the findings are inadequate. We reverse and remand for specific findings of fact.

I

[¶ 2] In 2012 the district court found Thill was a sexually dangerous individual and committed him to the custody of the director of the Department of Human Services. In 2013 Thill filed a petition for discharge which the district court denied, finding he remained a sexually dangerous individual. This Court upheld the district court's decision. *See In re Thill*, 2014 ND 89, ¶ 1, 845 N.W.2d 330. In 2014 Thill filed a second petition for discharge. Dr. Jennifer Krance, a licensed psychologist at the North Dakota State Hospital, completed an annual re-evaluation of Thill. Dr. Krance recommended Thill's continued commitment because he remains a sexually dangerous individual likely to engage in future sexually predatory conduct. The district court appointed Dr. Stacey Benson, a licensed clinical psychologist, to independently evaluate Thill. Dr. Benson and Dr. Krance disagreed whether Thill remains a sexually dangerous individual. In 2015 the district court held a discharge hearing and received testimony from both Dr. Krance and Dr. Benson. The district court found Thill remains a sexually dangerous individual and denied the petition for discharge. Thill appeals.

II

[¶ 3] This Court employs a "modified clearly erroneous" standard when reviewing the civil commitment of sexually dangerous individuals. *In re Matter of J.T.N.*, 2011 ND 231, ¶ 6, 807 N.W.2d 570.

> "We will affirm the district court's order denying a petition for discharge unless it is induced by an erroneous view of the law or we are firmly convinced it is not supported by clear and convincing evidence. In reviewing the order, we give 'great deference to the court's credibility determinations of expert witnesses and the weight to be given their testimony.' We have explained that the district court is 'the best credibility evaluator in cases of conflicting testimony and we will not second-guess the court's credibility determinations.' "

*In re Thill*, 2014 ND 89, ¶ 4, 845 N.W.2d 330 (internal citations omitted).

[¶ 4] Section 25–03.3–01(8), N.D.C.C., requires the State to prove three elements to show an individual remains sexually dangerous:

> "(1) the individual has engaged in sexually predatory conduct; (2) the individual has a congenital or acquired condition

that is manifested by a sexual disorder, a personality disorder, or other mental disorder or dysfunction; and (3) the disorder makes the individual likely to engage in further acts of sexually predatory conduct."

*In re Thill*, at ¶ 5. In addition, "the United States Supreme Court held that in order to satisfy substantive due process requirements, the individual must be shown to have serious difficulty controlling his behavior." *In re Matter of Hehn*, 2008 ND 36, ¶ 19, 745 N.W.2d 631 (citing *Kansas v. Crane*, 534 U.S. 407, 413, 122 S.Ct. 867, 151 L.Ed.2d 856 (2002)). The district court found Thill engaged in sexually predatory conduct and has sexual disorders characterized as Pedophilic Disorder and Sexual Sadism Disorder. Thill concedes the State met its burden on the first two prongs of N.D.C.C. § 25–03.3–01(8).

[¶ 5] Thill argues the district court's findings related to his likelihood to engage in further acts of sexually predatory conduct and his ability to control his behavior were not supported by clear and convincing evidence and the findings are insufficient. In its order the district court relied in part on a mistaken belief Thill had a conviction after completion of sex offender treatment in 2009. Thill alleges he did not reoffend after completing sex offender treatment and the district court's order is unsupported because of its reliance on this factual mistake. The State agrees Thill did not reoffend but argues the district court's order remains sufficiently supported by evidence of Thill's diagnosis, treatment performance and behavioral history.

[¶ 6] In civil actions tried without a jury, the district court is required to "find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may

appear in an opinion or a memorandum of decision filed by the court." *See* N.D.R.Civ.P. 52(a)(1).

"Conclusory, general findings do not comply with N.D.R.Civ.P. 52(a), and a finding of fact that merely states a party has failed in [or has sustained] its burden of proof is inadequate under the rule. The court must specifically state the facts upon which its ultimate conclusion is based on. The purpose of the rule is to provide the appellate court with an understanding of the factual issues and the basis of the district court's decision. Because this Court defers to a district court's choice between two permissible views of the evidence and the district court decides issues of credibility, detailed findings are particularly important when there is conflicting or disputed evidence. This Court cannot review a district court's decision when the court does not provide any indication of the evidentiary and theoretical basis for its decision because we are left to speculate what evidence was considered and whether the law was properly applied. The court errs as a matter of law when it does not make the required findings."

*In re Johnson*, 2015 ND 71, ¶ 8, 861 N.W.2d 484 (citing *In re Matter of R.A.S.*, 2008 ND 185, ¶ 8, 756 N.W.2d 771) (internal citations and quotations omitted).

[¶ 7] After reviewing the record, we determine the district court did not make sufficient findings enabling us to fulfill our appellate function. The district court did not identify the facts on which it relied in determining Thill's likelihood to engage in further sexual predatory conduct or the facts on which it relied in determining Thill has serious difficulty in controlling his behavior. The district court references pages of Dr. Krance's report without indicating which reported facts it relied on to

conclude Thill continues to have a high risk of reoffending and difficulty controlling his behavior. These conclusory, general findings do not comply with N.D.R.Civ.P. 52(a). We remand the case for specific findings of fact on Thill's likelihood to engage in further sexual predatory conduct and whether he has serious difficulty controlling his behavior.

### III

[¶ 8] Rule 52(a), N.D.R.Civ.P., requires that we reverse and remand to the district court with instructions to demonstrate its factual basis for finding Thill remains a sexually dangerous individual.

[¶ 9] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS and CAROL RONNING KAPSNER, JJ., concur.

SANDSTROM, JUSTICE, dissenting.

[¶ 10] I respectfully dissent.

[¶ 11] The majority reverses on an issue not properly before us.

[¶ 12] The issues identified in the appellant's brief are its issues on appeal. *See* N.D.R.App.P. 28. The only issue identified in the appellant's brief is "Were the Findings and Order dated May 6, 2015, supported by clear and convincing evidence?" The adequacy of the findings was not an issue identified. On the issue properly before us, clear and convincing evidence supports the findings and order.

[¶ 13] I would affirm.

[¶ 14] DALE V. SANDSTROM.