# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 126

In the Interest of William James Gehlhoff

Tonya Duffy, State's Attorney,                                    Petitioner and Appellee

     v.

William James Gehlhoff,                                    Respondent and Appellant

## No. 20230005

Appeal from the District Court of Barnes County, Southeast Judicial District, the Honorable Mark T. Blumer, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice, in which Chief Justice Jensen and Justice McEvers joined. Justice Bahr filed a dissenting opinion, in which Justice Crothers joined.

Tonya Duffy, State's Attorney, Valley City, N.D., for petitioner and appellee; submitted on brief.

Tyler J. Morrow, Grand Forks, N.D., for respondent and appellant.

**Interest of Gehlhoff**
**No. 20230005**

**Tufte, Justice.**

[¶1] William Gehlhoff appeals from a district court order denying his application for discharge from civil commitment as a sexually dangerous individual. On appeal, Gehlhoff argues the district court erred in finding by clear and convincing evidence that he has "serious difficulty controlling behavior." We affirm.

I

[¶2] This Court has explained its standard of review for civil commitments of sexually dangerous individuals:

> This Court reviews civil commitments of sexually dangerous individuals under a modified clearly erroneous standard. We will affirm a district court's decision unless it is induced by an erroneous view of the law or we are firmly convinced the decision is not supported by clear and convincing evidence. The court must specifically state the facts upon which its ultimate conclusion is based.

*Interest of Sternberg*, 2023 ND 40, ¶ 7, 987 N.W.2d 340 (cleaned up). In civil commitment proceedings, the State must prove by clear and convincing evidence that an individual has "serious difficulty in controlling behavior." *Id.* at ¶¶ 7-8 (citing *Kansas v. Crane*, 534 U.S. 407, 412 (2002)). The three statutory elements in N.D.C.C. § 25-03.3-01(8) are not at issue on this appeal.

II

[¶3] An individual has a "serious difficulty controlling behavior" if there is a "causal connection" or "nexus" between the individual's sexual disorder and inability to control behavior that would likely cause sexually predatory conduct in the future. *Matter of Muscha*, 2021 ND 164, ¶ 5, 964 N.W.2d 507. "This required proof separates a dangerous sexual offender, whom the court may subject to civil commitment, from the dangerous but typical recidivist in the ordinary criminal case." *Sternberg*, 2023 ND 40, ¶ 8 (quotations and citations omitted).

1

[¶4] "The district court's findings must identify recent conduct or describe anything that shows an individual has a *present* serious difficulty controlling his behavior." *Sternberg*, 2023 ND 40, ¶ 13 (cleaned up). "[C]ontemporary evidence or specific instances are necessary to demonstrate that a person has a serious difficulty controlling behavior." *Id*. (quotations and citations omitted). In *Sternberg*, this Court concluded that Sternberg's criminal history was "far too remote in time to the commitment hearing to have any impact on the consideration of whether Sternberg has substantial difficulty controlling behavior." *Sternberg*, at ¶ 16 (quotations and citations omitted). Sternberg committed these crimes twenty-one years before his civil commitment hearing. *Id*. In contrast, this Court upheld a district court's finding of serious difficulty where an individual admitted that he had uncontrolled anger and rage and had to be moved to his own cell because he was "compulsively masturbating" within approximately two years of the State's petition to commit him civilly. *In re Vantreece*, 2009 ND 152, ¶¶ 2, 17, 19, 771 N.W.2d 585; *see also In re Hanenberg*, 2010 ND 8, ¶¶ 2, 13-14, 19, 777 N.W.2d 62.

[¶5] Here, the district court's finding on serious difficulty in controlling behavior was limited to one sentence: "Gehlhoff is a person who will have a serious difficulty controlling his behavior—he demonstrated that several times during this review period with his trips to Fargo." The court should have articulated a more detailed basis for its finding. Nevertheless, because the court also found Dr. D'Orazio's testimony and report persuasive, it is clear that the court was referring to two incidents during Gehlhoff's review period that are explained in further detail in the record.

[¶6] The first incident occurred in March 2022 when Gehlhoff visited Fargo and went to a restaurant that Dr. D'Orazio described as "specializ[ing] in having attractive young women serve meals in little clothing." In Dr. D'Orazio's opinion, the visit "involved a lot of planning" and Gehlhoff went because of "sexual interest." He specifically dressed in nice clothing before going there and felt "overwhelmed and anxious." Gehlhoff described that it was like going to a strip club.

[¶7] The second incident occurred after Gehlhoff became "emotionally dysregulated" after an argument with his father and went into a massage

parlor, wore nothing but a towel, and had multiple erections during the massage but did not engage in sexual activity. Dr. D'Orazio explained: "On that occasion he disclosed he had been having the urge to masturbate more…. He was eventually able to identify feeling hurt, lonely, depressed and needing human contact." Dr. D'Orazio characterized this as concerning because Gehlhoff was seeking physical touch as a coping mechanism for his feeling badly and he failed to thwart the inappropriate response.

[¶8]   Dr. D'Orazio opined that these two events demonstrated that Gehlhoff had serious difficulty controlling behavior. She testified that he got the massage because of an emotional trigger and his coping mechanism was "physical touch." In D'Orazio's opinion, Gehlhoff's visits to the restaurant and the massage parlor were examples of his acting out on his sexual urges without "sufficient forethought" and his decisions were "sexually risky for him." The district court found Dr. D'Orazio's testimony more persuasive than Dr. Mugge's testimony and gave it more weight. *In re Mangelsen*, 2014 ND 31, ¶ 8, 843 N.W.2d 8 ("[T]his Court will not reweigh expert testimony nor second-guess the credibility determinations made by the trial court in sexually dangerous individual proceedings."). The two instances specifically relied on by the court and the further details of those events in D'Orazio's testimony and report provided the district court with a sufficient evidentiary basis to conclude by clear and convincing evidence that Gehlhoff *presently* has serious difficulty controlling behavior, because they provide contemporary evidence of specific instances where Gehlhoff acted out of sexual compulsion within approximately one year of the district court's hearing.

III

[¶9]   We affirm.

[¶10]  Jon J. Jensen, C.J.
       Lisa Fair McEvers
       Jerod E. Tufte

3

**Bahr, Justice, dissenting.**

[¶11] I respectfully dissent. I would reverse the district court's order committing Gehlhoff as a sexually dangerous individual and remand for specific findings whether Gehlhoff has serious difficulty controlling his behavior.

[¶12] "[A] person alleged to be a sexually dangerous individual is entitled to a panoply of pre-commitment and post-commitment procedures that are sufficient to provide the individual with safeguards to protect the person's liberty interest and satisfy due process." *In re R.A.S.*, 2008 ND 185, ¶ 13, 756 N.W.2d 771. To civilly commit an individual as a sexually dangerous individual, this Court has held:

> [T]he district court must make detailed findings that (1) the individual has engaged in sexually predatory conduct; (2) the individual has a congenital or acquired condition that is manifested by a sexual disorder, personality disorder, or other mental disorder or dysfunction; (3) the condition makes the individual likely to engage in further acts of sexually predatory conduct which constitute a danger to the physical or mental health or safety of others; and (4) there is proof the individual has serious difficulty controlling his behavior.

*In re Hanson*, 2008 ND 198, ¶ 2, 758 N.W.2d 909 (discussing *In re R.A.S.*, at ¶ 9). As we recently stated, "The court must specifically state the facts upon which its ultimate conclusion is based." *Interest of Sternberg*, 2023 ND 40, ¶ 7, 987 N.W.2d 340 (quoting *In re Rubey*, 2012 ND 133, ¶ 9, 818 N.W.2d 731). "These detailed findings are necessary to enable us to fulfill our appellate function." *Hanson*, at ¶ 2; *see also In re Hehn*, 2011 ND 214, ¶ 6, 806 N.W.2d 189 ("We have continually recognized the need for detailed findings in commitment decisions.").

[¶13] The district court did not make detailed findings on whether Gehlhoff has serious difficulty controlling his behavior. As noted by the majority, the court's "finding on difficulty in controlling behavior was limited to one sentence: 'Gehlhoff is a person who will have a serious difficulty controlling his behavior—he demonstrated that several times during this review period with

4

his trips to Fargo.'" Majority, at ¶ 5. The court did not make specific findings regarding how the "trips to Fargo" evidenced Gehlhoff will have serious difficulty controlling his behavior.

[¶14] Acknowledging the district court "should have articulated a more detailed basis for its finding," the majority finds the court's single sentence sufficient because the court found Dr. Deirdre D'Orazio's testimony and report persuasive. Majority, at ¶ 5. However, the court failed to explain, much less in detail, how Dr. D'Orazio's testimony and report supported the court's factual conclusion Gehlhoff will have serious difficulty controlling his behavior. "This Court cannot review a district court's decision when the court does not provide any indication of the evidentiary and theoretical basis for its decision because we are left to speculate what evidence was considered and whether the law was properly applied." *In re Midgett,* 2009 ND 106, ¶ 8, 766 N.W.2d 717 (quoting *In re R.A.S.*, 2008 ND 185, ¶ 8). The district court's single sentence finding Gehlhoff will have serious difficulty controlling his behavior, even in conjunction with its finding Dr. D'Orazio's testimony and report is persuasive, leaves this Court to speculate as to what evidence the court actually considered and why it reached its factual conclusion. "It is not within our appellate function to make findings in the first instance or to infer from the district court's conclusions and the record the factual findings it might have made in support of that conclusion." *In re Kulink*, 2018 ND 260, ¶ 9, 920 N.W.2d 446.

[¶15] *In re Thill*, 2015 ND 295, 872 N.W.2d 617, supports reversal and remand to the district court. In *Thill*, the court "did not identify the facts on which it relied in determining Thill's likelihood to engage in further sexual predatory conduct or the facts on which it relied in determining Thill has serious difficulty in controlling his behavior." *Id.* at ¶ 7. Rather, the court referenced pages of a doctor's report "without indicating which reported facts it relied on to conclude Thill continues to have a high risk of reoffending and difficulty controlling his behavior." *Id.* We determined the court "did not make sufficient findings enabling us to fulfill our appellate function" and "remand[ed] the case for specific findings of fact on Thill's likelihood to engage in further sexual predatory conduct and whether he has serious difficulty controlling his behavior." *Id.* We wrote: "Rule 52(a), N.D.R.Civ.P., requires that we reverse and remand to the district court with instructions to demonstrate

5

its factual basis for finding Thill remains a sexually dangerous individual." *Id.* at ¶ 8; *cf. In re L.D.M.,* 2011 ND 25, ¶ 7, 793 N.W.2d 778 (reversed and remanded because "the trial court did not specifically state the findings upon which it relied in formulating its conclusion" when it "merely stated both experts testified L.D.M. has serious difficulty controlling his behavior"). Similarly, although the court stated it found Dr. D'Orazio's testimony and report persuasive, it did not indicate, other than a general reference to "trips to Fargo," the specific facts it relied on to conclude Gehlhoff will have serious difficulty controlling his behavior.

[¶16] "The [district] court must specifically state the facts upon which its ultimate conclusion is based on." *In re R.A.S.,* 2008 ND 185, ¶ 8. "The court errs as a matter of law when it does not make the required findings." *Id.* Based on the court's limited findings, I am left to speculate as to the basis for the court's decision, preventing me from meaningfully reviewing the court's decision and determining whether its findings are clearly erroneous. *Id.* at ¶ 9. Accordingly, consistent with numerous cases where a court did not make sufficient findings about whether an individual had serious difficulty controlling his behavior, I would reverse and remand for specific findings whether Gehlhoff has serious difficulty controlling his behavior. *See, e.g., In re Johnson,* 2015 ND 71, ¶ 9, 861 N.W.2d 484 (reversed and remanded when the court "did not specifically state the facts upon which it relied, nor did it make specific findings on whether Johnson has serious difficulty in controlling his behavior"); *In re Hoff,* 2014 ND 63, ¶ 11, 844 N.W.2d 866 (reversed and remanded when the court did not make sufficient findings whether Hoff has difficulty controlling his behavior); *In re Vondal,* 2011 ND 59, ¶ 9, 795 N.W.2d 343 (reversed and remanded because the "sparse finding . . . fails to explain the reasons why the court determined Vondal has difficulty controlling his behavior"); *In re T.O.,* 2011 ND 9, ¶ 2, 793 N.W.2d 204 (reversed and remanded when the court simply found "by clear and convincing evidence" the respondent remained a sexually dangerous individual); *In re Midgett,* 2009 ND 106, ¶ 7 (reversed and remanded when the court "did not make any findings on whether Midgett has serious difficulty controlling his behavior"); *In re Vantreece,* 2008 ND 197, ¶ 3, 758 N.W.2d 909 (reversed and remanded when court made "conclusory and general findings of fact" and failed to make findings regarding

6

whether the individual has difficulty controlling his behavior); *In re R.A.S.,* at ¶ 3 (reversed and remanded because the court did not make sufficient findings of fact when it found the State showed by clear and convincing evidence R.A.S. remained a sexually dangerous individual).

[¶17]  Daniel J. Crothers
      Douglas A. Bahr